Ida E. Bopp, an Infant, by John H. Bopp, her Guardian ad
Litem, Respondent, *v.* New York Electric Vehicle
Transportation Company et al., Appellants.

Trial — Waiver of Exception to Denial of Motion for Nonsuit.
Where one of two defendants upon the trial of an action for negligence
moves for a nonsuit at the close of plaintiff's case, and, the motion being
denied, excepts thereto, but proceeds to put in its evidence and then
renews the *motion*, and, upon its denial, again excepts, and thereafter
cross-examines the witnesses of its co-defendant and continues in the
investigation to the end, attempting to free itself from all responsibility,
the exceptions to the refusal to nonsuit are not available, provided at
the close of the whole case the evidence presents a question for the jury.
  *Bopp* v. *N. Y. El. Vehicle Transportation Co.*, 78 App. Div. 337,
affirmed.

  (Argued November 25, 1903; decided December 15, 1903.)

Appeal from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered Jan-
uary 22, 1903, affirming a judgment in favor of plaintiff
entered upon a verdict and an order denying a motion for a
new trial.

The nature of the action and the facts, so far as material,
are stated in the opinions.

*Eugene Lamb Richards, Jr.*, for New York Electric
Vehicle Transportation Company, appellant. Neither at the
close of plaintiff's case nor of the case of defendant vehicle
company was there any evidence of the latter's negligence.
(*Baulec* v. *R. R. Co.*, 59 N. Y. 356; *Hayes* v. *R. R. Co.*, 97
N. Y. 259; *Dwight* v. *Ins. Co.*, 103 N. Y. 341; *Hemmens* v.
*Nelson*, 138 N. Y. 517; *Powers* v. *R. R. Co.*, 60 Hun, 19;
*Griffen* v. *Manice*, 166 N. Y. 188; *Kay* v. *Company*, 163 N.
Y. 447; *Peck* v. *Company*, 165 N. Y. 347; *Jones* v. *Com-
pany*, 18 App. Div. 267; *Alexander* v. *R. R. Co.*, 128 N.
Y. 13.) An exception to the denial of a motion to dismiss at
the close of plaintiff's case is not waived nor its force or effect
altered, notwithstanding defendant proceeds with its own case,

34     Bopp *v.* N. Y. El. Vehicle Transp. Co.    [Dec.,

Opinion of the Court, per Vann, J.     [Vol. 177.

if the motion is renewed and exception to its denial duly taken at the close of the whole case. (*Hopkins* v. *Clark*, 128 N. Y. 299; *Clements* v. *Beale*, 53 App. Div. 416; *S. I. Co.* v. *Brown*, 171 N. Y. 488; *Wangner* v. *Grimm*, 169 N. Y. 421; *Carpenter* v. *Taylor*, 164 N. Y. 171, 181; *Pollock* v. *Iron Works*, 157 N. Y. 699; *H., etc, Co.* v. *Iron Co.*, 157 N. Y. 437; *Littlejohn* v. *Shaw*, 159 N. Y. 188; *Clement* v. *Company* 91 Hun, 637; *Meyrich* v. *Shainowsky*, 62 N. Y. Supp. 432.) Even assuming that an exception to a denial of a motion to dismiss the complaint renewed at the close of its whole case may be waived by one defendant in cross-examining the co-defendant's witnesses, yet that is not the case here. The trial court ruled that it would reserve its decision upon said motion until the evidence of the other defendant was put in and it thus compelled this defendant to remain in the case. (*Nickerson* v. *Ruger*, 76 N. Y. 279; *Avery* v. *Slack*, 17 Wend. 85.)

*Carl Schurz Petrasch* and *Alvin C. Cass* for J. F. Otto Meyer, appellant.

*T. F. Hamilton* and *Frank H. Smiley* for respondent. The judgment against the defendants was properly rendered. (*Quill* v. *N. Y. C. & H. R. R. R. Co.*, 32 N. Y. S. R. 614; *Booth* v. *B. & A. R. R. Co.*, 73 N. Y. 38; *Webster* v. *H. R. R. R. Co.*, 38 N. Y. 260; *Kirby* v. *D. & H. C. Co.*, 90 Hun, 588; *Sternfeld* v. *M. S. R. Co.*, 73 App. Div. 494; 174 N. Y. 512.)

Vann, J. At the close of the plaintiff's evidence in chief, each defendant made a separate motion for a nonsuit and each excepted to the action of the court in denying the motion. Each defendant had the right to then withdraw from the case and rest upon its exception. Neither did so. The Vehicle Company picked up the burden first, put in its evidence and again moved for a nonsuit. Assuming that an exception was taken to the denial of its motion, for the second time it was in a situation to rely on its exception and refuse to take any

further part in the trial.  It did not do so.   On the contrary, it continued to take an active and aggressive part in the trial by cross-examining the witnesses of its codefendant, thoroughly and at length.   It aided in developing the facts and attempted to defend itself against the allegations of the plaintiff and the effort of the other defendant to fasten the responsibility upon it alone.   It did not succeed, and it now claims that all its action, after its motions to nonsuit were denied, should go for naught and be ignored upon the ground that the question is the same as if it had withdrawn from the case at that time. We do not think so.   It did not remain in the case for amusement, but for self-defense, and it could not make further efforts to defend itself without running the usual risks.   The plaintiff had the right to rely upon any evidence in her favor, whether it was put in by herself or by either defendant, and the Vehicle Company by failing to withdraw when it had the right to and continuing to take part in the trial, ran the risk that evidence tending to make it liable would be received. The situation does not differ in principle from the ordinary case where a sole defendant, instead of withdrawing when he fails to secure a nonsuit, continues to take part in the investigation to the end.   In so doing, even if his motion should have been granted when made, the exception is undermined and becomes of no avail, provided at the close of the whole case the evidence presents a question for the jury.

Thus in *Jones* v. *Union Railway Company* (18 App. Div. 267, 268) Judge CULLEN said : " When the defendant enters into its proof, the question never is, whether the plaintiff's evidence is sufficient to justify the submission of the case to the jury, but whether, on the whole case, there is a question of fact as to the defendant's liability.   If, at the close of a plaintiff's case, the defendant is confident that no cause of action has been made out, the only method of securing a review of an erroneous ruling on the point is to let the case stand without further evidence.   If the defendant enters upon its evidence, it takes the chances of supplying the deficiencies of the plaintiff's case."

36    Bopp *v.* N. Y. El. Vehicle Transp. Co.    [Dec.,

Opinion of the Court, per Vann, J.    [Vol. 177.

So in *Hopkins* v. *Clark* (158 N. Y. 299, 304) we said through Judge Bartlett : " The rule laid down by the Supreme Court of the United States seems the proper one, to the effect that when a defendant, after the close of the plaintiff's evidence, moves to dismiss, and, the motion being denied, excepts thereto, and then proceeds with his case, and puts in evidence on his part, he thereby waives the exception, and the overruling of the motion to dismiss cannot be. assigned as error."

Judge Martin relied upon the case last cited, when, speaking for us all, he said : " Where after a motion to dismiss at the close of the plaintiff's evidence, a defendant proceeds with his case and puts in evidence on his part, he thereby waives the exception to the refusal to nonsuit when the plaintiff rested." (*Sigua Iron Co.* v. *Brown*, 171 N. Y. 488, 506.)

The rule of the Federal courts was expressed by Chief Justice Waite as follows : ." It is undoubtedly true that a case may be presented in which the refusal to direct a verdict for the defendant at the close of the plaintiff's testimony will be good ground for the reversal of a judgment on a verdict in favor of the plaintiff, if the defendant rests his case on such testimony and introduces none in his own behalf ; but if he goes on with his defense and puts in testimony of his own, and the jury, under proper instructions, finds against him on the whole evidence, the judgment cannot be reversed, in the absence of the defendant's testimony, on account of the original refusal, even though it would not have been wrong to give the instruction at the time it was asked." (*Grand Trunk Railway Co.* v. *Cummings*, 106· U. S. 700, 701. See, also, *Littlejohn* v. *Shaw*, 159 N. Y. 188, 191 ; *Wangner* v. *Grimm*, 169 N. Y. 421, 427 ; *Accident Insurance Co.* v. *Crandal*, 120 U. S. 527 ; *Northern Pacific R. R. Co.* v. *Mares*, 123 U. S. 710 ; *Robertson* v. *Perkins*, 129 U. S. 233 ; *Columbia & P. S. R. R. Co.* v. *Hawthorne*, 144 U. S. 202, 206 ; *Union Pacific R. Co.* v. *Daniels*, 152 U. S. 684.)

In the cases cited the defendant ran the risk that his own evidence might supply any defect in the plaintiff's evidence. So, in this case, the. Vehicle Company, by continuing to try its

case, for that is what it did, ran the risk that the evidence of
its codefendant would supply the defects in the plaintiff's
case against itself.   It could not keep on trying its case with-
out abiding by the condition of the evidence when all the
testimony was in.   At that time there was a question for the
jury as to its liability, and hence its previous exceptions, taken
when the evidence did not present that question, became of no
avail,

It did not let go of the case when it could have done so in
safety, but hung on until there was evidence enough to warrant
a verdict against it.

Courts sit to do justice according to the rules of law after
giving all parties an opportunity to be heard.   The Vehicle
Company had its day in court and was fully heard.   No legal
evidence was excluded and no incompetent evidence was
received to its injury.   It took no exception to the charge of
the court.   Under these circumstances public business and
private rights should not be delayed by granting a new trial
on account of an error which was waived by the subsequent
course of the party now complaining.

The Vehicle Company was not compelled to remain in the
case in order to get an exception when its second motion was
not granted, because an effort to except, made at the proper
time and in the proper form, is an exception, whether allowed
by the court or not.

After considering all the exceptions taken by both defend-
ants we find none upon which a new trial should be granted
in behalf of either.

The judgment should be affirmed, with costs.

Gray, J. (dissenting).   The plaintiff was injured in a collision
between the electric vehicle, in which she was being conveyed,
and a trolley street car.   She brought this action for damages
against the company, which owned the vehicle, and the owner
of a beer truck; upon the theory, as, in substance, alleged by
her in the complaint, that the misconduct, or negligence, of
the men in charge of the two vehicles combined to bring

about the accident.  Upon the trial, the case made by her proofs showed that only the driver of the beer truck was at fault, for having so driven his truck as to strike the rear wheel of the electric vehicle; thereby causing the latter to swerve to one side and to collide with the street car.  No evidence proving, or tending to prove, concurrent misconduct, or negligence, was given by her.  Thereupon, the Electric Vehicle Company moved for a dismissal of the complaint as to itself, and, the motion being denied, duly excepted.  It, then, proceeded to put in its proofs, which showed that its servant was in nowise at fault, and, again, requested a dismissal of the complaint; but the trial judge refused to decide then and reserved his decision.  The other defendant, then, gave evidence tending to prove, as was to be expected, that his servant was blameless and that the man in charge of the electric vehicle was responsible for what occurred.  At the close of the whole case, the vehicle company's motion for a dismissal of the complaint was renewed and, again, denied.  The jury returned a verdict against both defendants and the judgment upon the verdict was affirmed.

I think when the plaintiff failed, upon her proofs, to inculpate the defendant, the Electric Vehicle Transportation Company, as a joint tort feasor, the latter was entitled to a dismissal of the complaint as to itself.  The failure to prove some concurrent act of negligence on its part entitled it to demand that of the court and it could not lose the benefit of its exception to a refusal to dismiss the complaint by remaining in the case.  There was no waiver of the exception; for the motion was renewed at the close of its proofs and at the close of all the evidence.  It was entitled to a nonsuit, as a matter of right, and as though the case were one of a suit brought against it alone.  (*McMartin* v. *Taylor*, 2 Barb. 356; *Dominick* v. *Eacker*, 3 ib. 17.)

This decision will establish a rule, whose operation must be that none of several defendants, jointly sued in tort, can ever obtain a dismissal of the complaint as against him; however insufficient the plaintiff's proofs to inculpate him.  The com-

plainant, therefore, in such a case, so far from incurring any risk, will, probably always, be benefited by joining all parties concerned, whether capable of proving liability as to some, or not; for he may well indulge in the hope that through some of the evidence adduced upon the trial, by some one or more of the defendants, a case may be made out against all — a result, obviously, tending to make the payment of any recovery more secure.

HAIGHT, MARTIN and WERNER, JJ., concur with VANN, J; PARKER, Ch. J., and O'BRIEN, J., concur with GRAY, J.

Judgment affirmed.