BRIDGET THOMAS, Respondent, v. THE NASSAU ELECTRIC RAILROAD COMPANY, Defendant, Impleaded with FERDINAND MUNCH BREWERY, Appellant.

Second Department, December 13, 1918.

Negligence — action for personal injuries against two defendants — practice — trial — when evidence introduced by one defendant cannot be considered in passing on question of negligence of the other defendant.

In an action by a passenger of a street railroad company against said company and a brewery company for personal injuries alleged to have been sustained by a keg or barrel on a loaded truck of the brewery company striking the window of defendant's car in which the plaintiff was riding, the jury in passing on the question of the negligence of the brewery company cannot consider evidence introduced by the railroad company tending to show that it was free from negligence, and that the brewery company was liable, where said brewery company rested its case after a denial of its motion to dismiss, and sought neither to deter, to mitigate nor to exclude such evidence by the railroad company.

BLACKMAR, J., dissented.

APPEAL by the defendant, Ferdinand Munch Brewery, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 29th day of April, 1918, upon the verdict of a jury for $1,500, and also from an order entered in said clerk's office on the 6th day of May, 1918, denying defendant's motion for a new trial made upon the minutes.

*Grant C. Fox*, for the appellant.

*Henry M. Dater* [*George C. Wildermuth* and *L. Victor Fleckles* with him on the brief], for the respondent.

THOMAS, J.:

The plaintiff sued the defendants to recover for personal injury. The plaintiff was a passenger on the defendant railroad company's closed car. At Fifteenth street and Sixth avenue the car at its third window struck a keg or barrel loaded on a truck belonging to the other defendant, that was standing at Fifteenth street. It was the contention of the railroad company that there was sufficient room to pass the truck, but that during passage there was by act of the appellant's servant a disturbance of a barrel on the truck so that it came in contact with the window of the car. Hence, the question as regards the railroad company was whether it had clearance room. On the other hand, as regards the brewery company, the question was whether it was so negligent in loading the barrels, while the car was passing, that one of them toppled over against the window. There was a verdict in favor of the railroad company, and against the brewery company for $1,500. The appeal is by the brewery company alone. The appellant's first point suggests that the complaint should have been dismissed. The plaintiff called Greer, the motorman, who testified that there was fully six inches of room for him to pass the truck. He was cross-examined by the attorney of each defendant, as were several witnesses called by the plaintiff. One of them testified that the barrel moved before the glass broke. That made a case for the jury, and plaintiff rested. Then the railroad company moved to dismiss; motion was denied. The counsel for the brewery company moved to dismiss, and his motion was denied, whereupon he said: " The defendant Brewery rests on its exceptions, and takes no further part in the case except to sum up." The railroad company then called a witness who testified that the brewery man was in a cellar throwing kegs up against a wagon, and that when he threw a keg against the wagon, a keg on the wagon hit the window of the car. The witness Neil gave similar testimony. The appellant's trial counsel took no part in the case presented by the railroad company, but when the evidence was closed said: " I will not sum up, I will go to the jury on the judge's charge," whereupon the attorneys for the railroad company and the plaintiff summed up. Contrary to the request and against the exception of the brewery's

counsel, the court charged that the jury could consider the evidence produced by any of the litigants in determining the questions of fact submitted to them. The inquiry here is whether in passing on the question of the negligence of the brewery, the evidence introduced by the railroad company can be considered. The issue was between each defendant and the plaintiff. The plaintiff accused each defendant of a tort and specified wherein the culpability lay. To that each defendant made answer. As between the defendants there are no pleadings and there is no issue raised. If the brewery company had been sued alone it could have made a motion to dismiss the complaint when the plaintiff rested, and upon denial could have rested, and thereupon summed up and made requests to charge and taken exceptions to the charge. Of that right to rest and to sum up and to take exceptions it could not be deprived by the introduction by plaintiff of another tort feasor. When the plaintiff rested, the appellant had a right to rest and move for dismissal, and upon denial to see to it that the court properly charged the jury on the facts introduced against it, and even to urge the jury to find that such facts were not sufficient to establish its liability. Of none of such rights could it be deprived, and if the jury found against it on appeal, its liability would be determined by the condition of the record at the time it rested, supplemented by a legal charge thereon and the verdict. In the present case the railroad company, to acquit itself of the plaintiff's charge of negligence, brought out facts tending to show that it was free from negligence, and that the brewery company was negligent. The appellant sought neither to deter, to mitigate nor to exclude such evidence. There is no practice authorizing appellant to introduce, to answer or to rebut such evidence, and if upon application it had been permitted to do so, it would have been by the mere grace or discretion of the court. But the law does not contemplate, and it has formulated no practice for the trial of an issue between two such defendants, for the reason that neither defendant asks relief against the other. The appellant kept itself isolated from any contact with the case of its codefendant. It limited itself to the questions of law and fact developed against itself pursuant to the issues raised between

it and the plaintiff. The appellant could not be limited to the trial of a question of law only and be deprived of its right to the decision of the jury upon the facts. As the practice is now regulated, the ruling was erroneous. Each party cites *Bopp* v. *N. Y. Electric Vehicle Transp. Co.* (177 N. Y. 33). In that case the defendant " continued to take an active and aggressive part in the trial by cross-examining the witnesses of its codefendant, thoroughly and at length," and the opinion is clear that had it not done so its liability would not have been affected by the testimony of such witnesses. *Bamberg* v. *International Railway Co.* (53 Misc. Rep. 403) seems to aid the appellant. *Hoffman* v. *Brooklyn, Queens County & S. R. R. Co.* (78 Misc. Rep. 507) presents features not now present. The *Bopp* case established that where a defendant withdraws completely from participation in the case of his codefendant, he is not affected by it. There could be no other decision without disregarding the pleadings, the issues formulated, and the statutory procedure governing the same. If a defendant must litigate not only the issues raised between him and the plaintiff, but the issues between the plaintiff and every codefendant, there is introduced an entirely new phase in jurisprudence, namely, that defendants must contest with those who ask no relief against them, and who appear upon the trial for the sole purpose of litigating issues raised by the plaintiff. If it be urged that in practice the jury could not disregard as to one defendant the evidence offered by a codefendant, it should be answered that such embarrassment, if it exists, does not countenance a departure from the practice established by the Legislature, whose function it is to make new provision, if such be desirable. However, it is a quite usual task of the jury to consider evidence admitted against one defendant, which is incompetent, inadmissible and not admitted as against a codefendant. The circumstance is so common that it renders the suggestion of expediency irrelevant in the decision of the present question. It is the settled custom of courts to ascribe to juries comprehensive capacities for weighing in detail evidence, and differentiating its application to different parties, and I discover no reason in the present instance for diminishing the usual judicial appreciation of their abilities in such directions.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

JENKS, P. J., RICH and JAYCOX, JJ., concurred; BLACKMAR, J., dissented.

Judgment and order reversed and new trial granted, with costs to appellant to abide the event.