Walter Lindemann, Amended to Read Waldemar Lindemann, Respondent, *v.* Peter Wolf, Defendant, Impleaded with William Reisler, Appellant.

Second Department, December 18, 1931.

*H. H. Brown* [*James E. Turner* with him on the brief], for the appellant.

*Edward F. Keenan* [*Herbert A. O'Brien* with him on the brief], for the respondent.

DAVIS, J. The plaintiff brought this action against two defendants for property damage resulting from the collision of their two cars on the highway, followed by the collision of the car of the appellant, Reisler, with that of plaintiff.

The evidence as to the negligence of Reisler was fragmentary and incomplete, but sufficient was shown to make a *prima facie* case calling for an explanation of the circumstances of the collision on the part of said defendant. At the close of the plaintiff's evidence, having made a motion for dismissal which was denied, Reisler then withdrew from the case and the evidence of the other defendant was heard. Reisler re-entered the case to sum up and to take exceptions and to make requests concerning the instructions given by the court in its charge. His motions to the effect that the evidence given on the part of the other defendant could not be considered by the jury in fixing his liability were somewhat inept, but we think the question was sufficiently raised so that proper instructions should have been given that the evidence of his codefendant was not binding upon him. (*Thomas* v. *Nassau Electric R. R. Co.*, 185 App. Div. 326; *Moshier* v. *City of New York*, 190 id. 111.)

The question of the jurisdiction of the County Court was not properly raised. By answering and taking part in the trial, defendant Reisler waived the question of jurisdiction as to residence. (*Meyers* v. *American Locomotive Co.*, 201 N. Y. 163.) The motion made on the trial did not raise the question of jurisdiction. (*Yager* v. *Yager*, 214 App. Div. 671.)

The errors in failing to give proper instructions to the jury in respect to the evidence of the codefendant require that the judgment against the appellant be reversed and a new trial granted.

The judgment and order against defendant Reisler should be reversed on the law and a new trial ordered, with costs to appellant to abide the event.

LAZANSKY, P. J., HAGARTY, CARSWELL and SCUDDER, JJ., concur.

Judgment and order of the County Court of Nassau county against defendant Reisler reversed on the law and a new trial ordered, with costs to appellant to abide the event.