AMELIA NOTTER, Respondent, *v.* UNION RAILWAY COMPANY OF NEW YORK CITY and METROPOLITAN SEWER PIPE CO., INC., Appellants.

First Department, April 3, 1936.

*Addison B. Scoville* of counsel [*Victor McQuistion* with him on the brief; *Alfred T. Davison,* attorney], for the appellant Union Railway Company of New York City.

*Lyman A. Spalding* of counsel [*Charles F. McGrath,* attorney], for the appellant Metropolitan Sewer Pipe Co., Inc.

*Ralph D. Elmer* of counsel [*Thomas J. Stapleton,* attorney], for the respondent.

UNTERMYER, J. Plaintiff, while a passenger on a north-bound street car operated by the defendant railway company, sustained injuries resulting from a collision between the street car and a truck operated by the defendant pipe company. According to the plaintiff, who was the only witness testifying in her behalf with respect to the manner in which the accident occurred, the driver of the truck had been proceeding about six feet to the right of the street car. When the rear of the truck was about eighteen feet ahead of the car, the driver of the truck turned to the left upon the car tracks, without extending his hand or sounding his horn. Both truck and street car appear to have been traveling at high speed, which was not reduced while the truck was moving towards the car tracks. The collision which followed pinned the truck against one of the elevated pillars running parallel to the tracks and forced the front of the car to the south-bound tracks. Due to the impact, the plaintiff was thrown from her seat, sustaining the injuries for which this action was brought.

After the plaintiff had testified and medical evidence had been offered concerning the extent of the injuries, the plaintiff's counsel stated: "That is the plaintiff's case * * * I rest against both defendants." The trial judge, however, suggested to the plaintiff's attorney not to rest against the railway company, and, addressing its counsel, said: "He rests against the Pipe Company and he does not rest against you." In this suggestion of the court the plaintiff's attorney appears to have acquiesced. Thereupon counsel for the railway company protested that he should not be prevented in this manner from moving to dismiss the complaint after the plaintiff had offered all her proof. The court replied that this was why the plaintiff did not rest against the railway company, and that it would not grant the railway company the right to make a motion to dismiss the complaint until after the pipe company had introduced its evidence, saying, "You are put in a position where anything the Pipe Company proves can be used as against you." Thereafter the motion of the defendant railway company to dismiss the complaint on the ground that the plaintiff had failed to establish its negligence was denied, the court again stating, "He has not rested as against you. He is going to use against you the evidence the Pipe Company is now going to put in." To this ruling, counsel for the railway company excepted and then withdrew from the case, reserving the right to resume merely for the purpose of summing up, making proper motions at the close of the evidence and taking exceptions to the court's charge.

After the railway company had withdrawn and its counsel had departed from the court room, the defendant pipe company proceeded to introduce its proof. Before summation, counsel for the railway company returned to the court room and the court again ruled that all testimony offered by the pipe company would be considered against the railway company. In its charge the court instructed the jury to consider against the railway company the evidence introduced by the pipe company, to which instructions the railway company again excepted. The jury returned a verdict against both defendants.

We are of the opinion that the jury was justified in finding the driver of the pipe company's truck to have been negligent in suddenly, and without warning, swerving into the path of the street car. Likewise the negligence of the railway company was *prima facie* established by the plaintiff's testimony that immediately preceding the accident the street car was traveling at a high rate of speed which was not reduced when the truck, then about eighteen feet ahead, started to move in the direction of the tracks.

It was error, however, to permit the testimony of witnesses called by the pipe company to be used against its codefendant, the railway company, after the latter had properly withdrawn from the case, as it had the right to do. (*Bopp* v. *New York Electric Vehicle Transportation Co.*, 177 N. Y. 33.) The rule was stated with great clarity in *Thomas* v. *Nassau Electric R. R. Co.* (185 App. Div. 326, 329), where the court said: " The *Bopp* case established that where a defendant withdraws completely from participation in the case of his codefendant, he is not affected by it. There could be no other decision without disregarding the pleadings, the issues formulated, and the statutory procedure governing the same. If a defendant must litigate not only the issues raised between him and the plaintiff, but the issues between the plaintiff and every codefendant, there is introduced an entirely new phase in jurisprudence, namely, that defendants must contest with those who ask no relief against them, and who appear upon the trial for the sole purpose of litigating issues raised by the plaintiff."

After the plaintiff had introduced all her proof, the railway company was at liberty to withdraw from the case and thereupon was entitled to have the issue of its negligence determined exclusively on the plaintiff's evidence. It could not be compelled to contest with the pipe company an issue which was not tendered by any pleading, and hence did not exist, between the codefendants. The issue was between the plaintiff and each defendant. On that issue, in so far as concerned the railway company, the plaintiff could have called the pipe company's witnesses, subject to whatever

disadvantages that might involve, but this she did not do. Not having called them, their testimony given in behalf of the pipe company could not be transformed into a part of the plaintiff's case. (*Thomas* v. *Nassau Electric R. R. Co., supra; Lindemann* v. *Wolf*, 234 App. Div. 291.)

Since it is impossible to determine whether the jury found against the railway company on the testimony of the plaintiff or on the testimony offered by the pipe company, the judgment against the railway company must be reversed and, as to it, a new trial granted. This does not necessitate reversal of the judgment against the pipe company which is not affected by that error. The plaintiff is entitled to sustain the judgment against the pipe company, whose liability has been properly established and which, in the first instance, could have been sued alone. It has no legal interest in the presence of the railway company as a codefendant. (*Ward* v. *Iroquois Gas Corp.*, 258 N. Y. 124; *Price* v. *Ryan*, 255 id. 16; *Brown* v. *McCullough*, 240 App. Div. 381; affd., 265 N. Y. 652.)

The judgment in favor of the plaintiff against the defendant Metropolitan Sewer Pipe Co., Inc., should be affirmed, with costs to the plaintiff-respondent against said defendant. The judgment in so far as appealed from by the defendant Union Railway Company of New York City should be reversed, and the action severed, and a new trial ordered as against the defendant Union Railway Company of New York City, with costs to the said defendant to abide the event.

MARTIN, P. J., GLENNON, DORE and COHN, JJ., concur.

Judgment in favor of plaintiff against defendant Metropolitan Sewer Pipe Co., Inc., unanimously affirmed, with costs to the plaintiff against said defendant; judgment in so far as appealed from by defendant Union Railway Company of New York City unanimously reversed, the action severed, and a new trial ordered as against said defendant, with costs to said defendant to abide the event.