OLIVE WHEATLEY, Plaintiff, *v.* WALTER BOYCE and Another, Defendants.

City Court of Rochester, Civil Branch, October 13, 1937.

*Stone & Hoffenberg* and *Harold H. Stone*, for the plaintiff.

*Hubbell, Taylor, Goodwin, Nixon & Hargrave* and *F. J. Goodwin,* for the defendant Boyce.

*Van Duser, Liebschutz & Curran* and *Philip M. Liebschutz,* for the defendant Rolde.

TOMPKINS, J. The defendants, driving their respective cars in opposite directions on University avenue, collided at the intersection of Goodman street. The plaintiff was a passenger in the defendant Rolde's car.

The defendant Rolde's motion for nonsuit was denied. He then rested without calling any witness and renewed his motion, upon which decision was reserved. Rolde then withdrew from the case and took no part in the remainder of the trial. Additional testimony was given by his codefendant, Boyce, which was materially different from that of the plaintiff.

The defendant Rolde, having withdrawn from the case after renewing his motion for nonsuit, contends that the court in deciding the same may not consider the testimony thereafter introduced by his codefendant. His position is supported by *Bopp* v. *New York Electric Vehicle Transp. Co.* (177 N. Y. 33); *Thomas* v. *Nassau Electric R. R. Co.* (185 App. Div. 326, 328); *Ward* v. *Iroquois Gas Corporation* (233 id. 127; affd., 258 N. Y. 124, 128). The Appellate Division in *Thomas* v. *Nassau Electric R. R. Co.* (*supra*) said: " The *Bopp* case established that where a defendant withdraws completely from participation in the case of his codefendant, he is not affected by it." The Appellate Division in the *Ward* case substantially followed this interpretation of the *Bopp* case so far

as the plaintiff therein was concerned; while the Court of Appeals held that section 211-a of the Civil Practice Act, which granted the right of contribution as between joint tort feasors, created no right in one codefendant except where a judgment had been rendered against both tort feasors.

Consequently, if the plaintiff succeeded in making a *prima facie* case against but one of the codefendants, the other, by withdrawing, might escape the effect of its codefendant's testimony without disclosing its own evidence, and so be freed from a possible contribution.

Section 211 of the Civil Practice Act provides that the plaintiff may join as defendants all persons against whom he alleges a right to relief; whether jointly, severally or in the alternative, and that judgment may be given against such as may be found liable. This provision, however, under the cases cited, did not prevent one codefendant from withdrawing from the case after his motion for a nonsuit had been denied, and thus escape the effect of his codefendant's testimony. By chapter 527 of the Laws of 1937, effective September 1, 1937, the Legislature amended section 211 so that the concluding clause reads: " and judgment may be given according to their respective liabilities, against such one or more of the defendants as may be found to be liable upon all of the evidence, without regard to the party by whom it has been introduced."

The defendant Boyce argues that this amendment was made to overcome the rule in the *Bopp* case. The statutory note to chapter 527 of the Laws of 1937 is to like effect. Had the words " although a codefendant has withdrawn from the case after nonsuit " been inserted, there would have been no question. However, we must not expect absolute clarity from the lawmaking branch. Otherwise, what would be left for the courts to explain and construe?

The common law as it existed prior to the enactment of section 211-a of the Civil Practice Act was, in the language of Judge HUBBS in the *Ward* case, " harsh and often unjust and inequitable," in denying the right of contribution as between equally · guilty tort feasors. But even the rule of section 211-a, permitting contribution, was futile where one codefendant was permitted to withdraw before the other codefendant introduced testimony which established guilt on the part of the withdrawing defendant. The language of section 211 that judgment may be rendered against one or more of the defendants as may be found liable " upon all of the evidence, without regard to the party by whom it has been introduced," is clear, direct and salutary. Where a decision is

reserved upon a motion for nonsuit or where the motion has been denied, then the court or the jury must thereupon consider all the evidence at the conclusion of the entire case. This is just, not only to the plaintiff, but also to the defendants, who have had their day in court.

It may be urged that section 211 of the Civil Practice Act does not apply to this court for the reason that, by section 1 of the Civil Practice Act, it is stated that it applies to courts of record. The City Court of Rochester is not a court of record, although its money jurisdiction equals that of the County Court. So far as matters of practice and procedure are concerned, the Civil Practice Act doubtless does not apply to the courts not of record, except as the acts creating them invite its application. The provision, however, of section 211 relates to something more than a mere matter of practice or procedure. It relates to substantive matters which may determine the right to contribution and, relating to substantive rights, it governs those rights in whatever courts litigation to maintain them may be had. It is, however, unfortunate that there should be any question in respect to the application of this section to a court as important as the City Court of Rochester, N. Y.

The defendant Rolde did not take the stand on his own behalf, although present at the trial. His motion for a nonsuit being denied, he rested and renewed the motion and then withdrew from the case. His codefendant Boyce testified that when approaching the intersection he extended his left hand at a point some thirty or forty feet before turning left. The witness Young, disinterested and unacquainted with either party, who was waiting just south of the intersection in his automobile for the light to change, testified that he saw Boyce's extended hand. It does not appear that Rolde, in approaching from the east, did not see it. The plaintiff testified that Rolde was driving about thirty miles per hour and did not slow as he entered the intersection; the defendant Boyce testified Rolde's speed to be thirty-five, while the disinterested witness Young estimated it at thirty-five or forty, but said he slowed to about twenty-five as he entered the intersection. Rolde did not testify as to his speed. Young testified that Rolde's car proceeded some forty feet after the impact with the Boyce car.

While the traffic ordinance of the city of Rochester limits the speed of motor vehicles at intersections to fifteen miles per hour, this intersection was protected by traffic lights, and the ordinance does not apply. The legalized speed on University avenue is thirty miles per hour.

From the evidence referred to, it would appear that it was the speed at which Rolde was driving through this intersection which prevented him from avoiding the collision with the Boyce car. His speed was a contributing factor in causing the collision. In view of the approach of the defendant Boyce with his extended left hand indicating an intention to make a turn, the speed was dangerous, and, consequently, was negligence.

The defendant Boyce testified that, as he extended his hand some thirty or forty feet from the intersection, he saw his codefendant Rolde approaching at a speed he estimated at thirty-five miles per hour; that at the time of the impact he had completed about three-quarters of his left turn, and that the collision took place in the southeast quadrant of the intersection. Because he thought he was somewhere nearer the intersection than Rolde, he took a chance, started to turn left, and had made about three-quarters of it, when the left front of his car and the left side of Rolde's car collided in the southeast quadrant of the intersection, his car stopping some four or five feet from the southeast curb. He took a chance; he turned too soon and went too far, and the collision resulted. Although Rolde was negligent in entering the intersection at so rapid a speed, yet Boyce's own remissness was a contributing factor to the collision, which resulted in the injury to the plaintiff, without her fault. It was negligence.

At intersections neither driver may proceed blindly or belligerently, gambling upon the other's prevision, forbearance or dexterity, without responding in damages to an innocent non-participant in the game of chance, who suffers injury thereby. Each driver must exercise a decent consideration for the safety of all users of the highway.

The plaintiff was injured July 20, 1937. She was in bed parts of eighteen or nineteen days. Her doctor bill was twenty-four dollars. Her injury prevented her from accepting two maternity cases. She is still nervous and suffers from headaches.

Judgment for the plaintiff and against both defendants in the sum of $324.