MORRIS SIMON, Plaintiff, *v.* ADOLF LOWENTHAL and SAMUEL KAPILOW, Defendants.

Municipal Court of New York, Borough of Bronx, Second District, December 22, 1938.

*Henry Smolen* [*Louis Stone* of counsel], for the plaintiff.

*Joseph L. Roesch* [*Paul J. Miller* of counsel], for the defendant Adolf Lowenthal.

*Allen Ducker*, for the defendant Samuel Kapilow.

LEVY, J. The plaintiff is the owner of a fruit and vegetable store on the south side of McClellan street, some short distance west of the corner of Walton avenue in the Bronx. McClellan street is a two-way thoroughfare, down grade going west. Walton avenue is a one-way street going south. The defendant Lowenthal was driving his automobile west on McClellan street; the defendant Kapilow was driving his taxicab south on Walton avenue. They collided

at or near the center point of the intersection. Lowenthal's vehicle mounted the sidewalk, ran into the store and caused property damage for which the plaintiff is suing both Lowenthal and Kapilow.

The case was tried before court and jury. With respect to the collision, the plaintiff alone testified in his behalf. He was in front of his store, some distance from the point of impact, and did not see much of what occurred until the precise moment of the impact itself. At the close of the plaintiff's case each defendant separately moved to dismiss the complaint. I denied the motion of the trespassing defendant Lowenthal. (See *Locicero* v. *Messina*, 239 App. Div. 635; *Danielson* v. *Olson*, 243 id. 527; *Ellor* v. *Selfridge*, 46 T. L. R. 236.) I reserved decision on the motion of the defendant Kapilow.

Insisting that no *prima facie* case had been proved against him, Kapilow withdrew from the trial, reserving his right to sum up and participate in the court's charge to the jury. (*Notter* v. *Union R. Co.*, 247 App. Div. 140.) The defendant Lowenthal testified in his own behalf, and from his testimony the jury might reasonably have inferred that his codefendant Kapilow was negligently responsible for the accident. Lowenthal was cross-examined by the plaintiff but not by Kapilow. Upon the completion of Lowenthal's testimony he rested. The plaintiff rested his case as well. The defendant Lowenthal's motion to dismiss the complaint at the close of the entire case was denied. The defendant Kapilow then re-entered the trial and moved that the court pass upon his motion to dismiss the complaint made at the close of the plaintiff's case; upon which application I reserved decision. Kapilow then moved for a directed verdict in his favor, and this motion was denied. The attorneys for the several parties all summed up to the jury. All the parties, including the defendant Kapilow, participated in the court's charge to the jury. A verdict was rendered against both defendants. The defendant Lowenthal's motion to set aside the verdict was denied. I reserved decision on the similar motion of the defendant Kapilow.

All the motions upon which decision was reserved should be, and are hereby, denied. In arriving at this conclusion I shall not pass upon the plaintiff's claim that there was a *prima facie* case proved by the plaintiff's testimony alone, nor need I hold that some doctrine similar to that of *res ipsa loquitur* required the defendant Kapilow to come forward with exculpatory proof. (Cf. dissenting opinion of Chief Judge CRANE in *Galbraith* v. *Busch*, 267 N. Y. 230, 240.)

As at the close of the plaintiff's case the jury might perhaps have found, under the testimony, that the taxicab hit the right rear of the private car and threw it toward the sidewalk; that the striking

was with force; that neither chauffeur gave a signal of any kind as he was proceeding across the intersection; that the collision occurred somewhat west of the center point of the intersection; and that the right-of-way rule was inapplicable under the circumstances; or that there was other evidence from which the jury might reasonably conclude that the collision was the proximate result of joint negligence of the two automobile operators. But the evidence was sketchy, and I shall rest my determination upon the principle that the deficiencies in plaintiff's evidence, if any there be, were cured by the testimony of the moving party's codefendant.

The issue resolves itself into a question as to whether the rule deemed to have been laid down in *Bopp* v. *New York Electric Vehicle Transp. Co.* (177 N. Y. 33) has been affected by subsequent legislation. It was there established that where a defendant withdraws completely from participation in the case of his codefendant he is not affected by what occurs during the presentation of that case. (*Thomas* v. *Nassau Electric R. R. Co.*, 185 App. Div. 326, 329.) The necessity for amendatory legislation and the reasons behind it are obvious. It seems to me that the rule in the *Bopp* case has been harmful, and, if applicable here, might result in a miscarriage of justice.

The plaintiff is an innocent bystander, devoid of personal wrongdoing and unaware of impending calamity. He is on the lookout for customers, not automotive trespassers. A collision occurs between two automobiles some distance from where our unsuspecting merchant has his store. He does not see the accident with sufficient keenness of observation so as truthfully to fix liability. All he knows is that his property has been damaged through no fault of his own, and he institutes suit against the only possible disturbers of his peace. He proceeds to trial. Perhaps he is unable to ferret out an eyewitness. Perhaps he is unable in this negligence case to obtain the testimony of either defendant in advance of trial. (McCullen, Examinations before Trial, chap. 4, art. II, § 48.) At the trial the plaintiff does not desire to vouch for the credibility of the hostile chauffeurs so he does not put them upon the witness stand. (*Hanrahan* v. *New York Edison Co.*, 238 N. Y. 194; *Goodwin* v. *Amtorg Trading Corp.*, 235 App. Div. 505, 507. Cf. Civ. Prac. Act, § 343-a.) Or perhaps one or both of the operators of the automobiles are necessarily or conveniently absent when the plaintiff proceeds to trial. The rule of *res ipsa loquitur* seems unavailing. (*Slater* v. *Barnes*, 241 N. Y. 284.) If the plaintiff, in a despairing gesture, does present as his own witnesses his two opponents, themselves mutually antagonistic, the precise cause of the accident would be left to conjecture on the plaintiff's own case. (*Tryon* v. *Willbank*, 234 App. Div. 335, 338.)

And so the game proceeds merrily onward. The plaintiff presents all the proof he truthfully has. Each defendant urges that no negligence was shown as against him. Kapilow is convinced of it; Lowenthal is not so certain. Kapilow, therefore, retires from the trial, hoping by strategic retreat to escape from the field of battle. Lowenthal takes the stand and testifies that the fault was not his but that of his retiring codefendant. Suppose the jury had found that it was Kapilow's fault and not Lowenthal's? Lowenthal would have been exonerated; Kapilow had completely escaped; and the plaintiff, with his damaged property, would have been entitled to say, somewhat sadly — as did Mr. Bumble in Charles Dickens' *Oliver Twist* — that " the law is a ass."

So the Legislature endeavored, among other things, to correct this obvious defect in the administration of justice by the enactment of chapter 714 of the Laws of 1928. Section 211-a was thereby added to the Civil Practice Act, giving joint tort feasors the right to claim contribution from each other. But it was held that the rule in the *Bopp* case was in no way affected by this new section. (*Ward* v. *Iroquois Gas Corp.*, 233 App. Div. 127; affd., 258 N. Y. 124; *Notter* v. *Union R. Co.*, *supra*.) In 1937 the Legislature again enacted a statute (Laws of 1937, chap. 527), by which section 211 of the Civil Practice Act was amended. That section provides for the joinder of defendants generally. It had previously provided that all persons may be joined as defendants against whom the right to any relief is alleged to exist whether jointly, severally or in the alternative; and that judgment may be given against one or more of the defendants as may be found to be liable. The 1937 change was to the effect that such judgment may be given against the several defendants " according to their respective liabilities," and " upon all of the evidence, without regard to the party by whom it has been introduced."

The very purpose of this amendment is best indicated by the Judicial Council of the State of New York (Report of Judicial Council, 1938, p. 20) : " Section 211 of the Civil Practice Act was amended by chapter 527, to permit proof offered by a defendant to be used against a codefendant on the part of the plaintiff. As the Council stated in the note appended to this bill, the proposal was aimed at overcoming ' the rule of law set forth in *Bopp* v. *New York El. Vehicle Transp. Co.* (177 N. Y. 33) to the effect that if one or two or more joint tort feasor defendants withdraws from a case at the close of the plaintiff's case and before the evidence of a codefendant has been offered, the evidence of the latter codefendant may not be used in support of the plaintiff's case against the codefendant who

has withdrawn. Despite the enactment of section 211-a of the Civil Practice Act in 1928, which gave a joint tort feasor who had been made a party defendant the right of contribution against a codefendant, it has been held that the rule of the *Bopp* case still applies. (*Ward* v. *Iroquois Gas Corp.*, 233 App. Div. 127; affd., 258 N. Y. 124.) The proposed amendment overcomes this defect in the law and provides for a cause of action to be decided on all the proof presented.'"

Clevenger's 1938 Practice Manual makes clear that chapter 527 of the Laws of 1937, in amending section 211 of the Civil Practice Act, was " designed to overcome " earlier decisions " holding that evidence of defendant cannot be used for plaintiff against codefendant joint tort feasor withdrawing at close of plaintiff's case and before codefendant offers evidence." (See *Wheatley* v. *Boyce*, 165 Misc. 512.)

It is urged by the defendant Kapilow that the 1937 amendment to section 211 meant merely that a defendant, by withdrawing from a trial, can no longer escape the effect of his codefendant's testimony, provided, however, that a *prima facie* case has first been made out against the retiring defendant. Any such interpretation, in my opinion, would violate the clear intent of the framers of the amendment and emasculate the clear language of the amendment itself.

It is urged that the view here expressed will deprive a defendant of the only method now afforded to him to review the question of whether a *prima facie* case has been made out against a defendant — that is, by resting at the close of the plaintiff's case. However, as has been elsewhere so well said, the law has gotten away from the notion that it is a game in which the winnings go to the more artful player; it is now supposed to be a common sense process of arriving at justice. There is nothing sacrosanct about the requirement that a plaintiff must prove a *prima facie* case upon his own testimony. In order to remedy a defect in judicial mechanics, the Legislature may properly provide that a plaintiff's case is really not closed where there are several joint tort feasors named as codefendants until all of the testimony of all of the parties has been presented to the court. This, it seems to me, is precisely what the Legislature has done, in substance and in effect. This is not establishing the doctrine of liability without fault. It means simply that a defendant who is at fault will in the process of the litigation be unable to escape liability. That is administration of justice within the law, not the enforcement of mechanical law in contravention of justice.