AUTO DEALERS DISCOUNT CORPORATION, Plaintiff, *v.* JOE M. SANTORO, Defendant.

County Court, Nassau County, March 24, 1939.

*John F. Martin,* for the plaintiff.

*Meyer Feldman,* for the defendant.

HOPKINS, Acting J. The plaintiff brought an action against the defendant based upon the deficiency arising after the resale of a truck purchased by the defendant, and which truck was repossessed

by the plaintiff. The action was commenced in the County Court of Nassau county by service of a summons and verified complaint on March 20, 1937. The summons and verified complaint was served upon the defendant at the Sunrise Market, Central avenue, St. Albans, Queens county, N. Y. On March 20, 1937, the defendant in this action resided at 98–42 One Hundred and Sixty-third street, Jamaica, N. Y., with a family by the name of Weltman. The defendant had resided at that address from December, 1936, until May, 1937. The process server who served the summons and verified complaint was not produced by the plaintiff in support of its affirmative case. The complaint in paragraph second alleges that the defendant was and still is a resident of the county of Nassau, State of New York. The original answer, duly verified on March 23, 1937, denies each and every allegation contained in paragraph designated second in the complaint. The amended answer, verified April 21, 1937, denies each and every allegation contained in paragraph designated second and interposes a first, separate and distinct defense that at the time of the commencement of this action the defendant herein was not and is not now a resident of the county of Nassau, State of New York. Upon the trial of this action the plaintiff failed to prove that the defendant was a resident of the county of Nassau, State of New York, at the time of the commencement of this action. The defendant affirmatively proved, upon the trial of this action, that he was not a resident of the county of Nassau, State of New York, at the time of the commencement of this action, but was, in fact, a resident of the county of Queens.

At the end of plaintiff's case, defendant moved for a dismissal of the complaint upon the grounds that plaintiff had failed to comply with subdivision 3 of section 67 of the Civil Practice Act in that it had failed to prove that the defendant herein was a resident of the county of Nassau, State of New York, at the time of the commencement of this action. Decision was reserved upon this motion, and at the end of the entire case both sides moved for a directed verdict.

The precise question presented for consideration is " Can a defendant, in an action demanding a money judgment, timely raise the question of the jurisdiction of the court by a denial and an affirmative defense in the answer? " The court is unable to find where this question has been previously passed upon. The plaintiff contends that a failure on the part of the defense to appear specially and move for a dismissal of the complaint, and that the defendant's appearance by way of filing an answer, even though the answer raised the question of jurisdiction, constitutes a waiver of any jurisdictional question.

The courts have repeatedly held that jurisdiction may not be waived over the subject-matter of the action, but that jurisdiction of the person may be waived. (*Meyers* v. *American Locomotive Co.*, 201 N. Y. 163; *Lindemann* v. *Wolf*, 234 App. Div. 291.)

Section 278 of the Civil Practice Act provides that:

" An objection on either of the following grounds, appearing on the face of a pleading, is waived unless taken by motion. As to the complaint,

" (a) That the court has not jurisdiction of the person of the defendant in cases where jurisdiction may be acquired by his consent."

The plaintiff contends that this section in itself precludes the defendant from raising a jurisdictional question by means of an answer upon the trial and that this section is controlling. The court thinks otherwise. In the case at bar the plaintiff did plead that the defendant was a resident of Nassau county; and such an allegation is jurisdictional. A failure to have so stated in the complaint would have brought the case within the rule above set forth and a defect as to jurisdiction would have appeared upon the face of the complaint.

Had the defendant not asked for affirmative relief by way of counterclaim, no further comment would have been necessary. In one breath the defendant says that the court has no jurisdiction over the defendant, and in the next he asks affirmative relief by way of a counterclaim. Can he have his cake and eat it too? In this case we believe he can. He is entitled to set forth as many defenses as he has, either by way of a direct denial, counterclaim, or in mitigation of damages. (Civ. Prac. Act, § 262.)

He has a right to compel the plaintiff to prove that the defendant is within the jurisdiction of the court. If the plaintiff fails, that is the end of the law suit; if he succeeds, then the defendant is in a position to protect his rights.

As a practical matter, where, after all, is there a better place to settle the question of residence than upon a trial of the action. The parties are before the court, the defendant may be examined upon the questions vital to his residence. The plaintiff has been apprised of the issue. He may even examine the defendant before trial. If the defendant elects to have the question of jurisdiction tried at the time of his trial, he should not be denied the right to counterclaim in the event it develops that he is within the jurisdiction of the court.

Jurisdiction of the defendant, accordingly, may be raised by the answer. The plaintiff having failed to prove that the defendant was a resident of Nassau county, the complaint must be dismissed, with costs.