■ Gibson, Dunn & Crutcher, L. L. P., Appellant, v Global Nuclear Services and Supply, Ltd., et al., Defendants, and Alexander Shustorovich, Respondent. [721 NYS2d 315] —Order, Supreme Court, New York County (Stephen Crane, J.), entered April 25, 2000, which granted the motion to vacate the default judgment against the individual defendant and severed and dismissed the complaint as against him, unanimously reversed, on the law and the facts, with costs, and the motion denied. The Clerk is directed to reinstate the judgment.

This is an action by plaintiff law firm to recover unpaid legal bills and disbursements. Following the individual defendant's motion to vacate the default judgment against him, the IAS Court concluded, after conducting a traverse hearing, that plaintiff's prima facie proof pursuant to CPLR 308 (2) fell short of sustaining valid personal service upon said defendant because when plaintiff rested its case there was an insufficient showing that the 485 Madison Avenue offices (where the summons was delivered to Naseer Hashim, defendant's long-time attorney) was defendant's "actual place of business" within the meaning of the statute. The IAS Court reached this erroneous determination by applying an impermissibly constrictive view of its obligation to consider the totality of the evidence before it, particularly the testimony of defendant himself, which the court understandably characterized as "rather evasive." It was plain error to evaluate only the evidence adduced by plaintiff and to exclude expressly any consideration of defendant's damaging testimony regarding his place of business.

The proposition is well settled that the proponent of evidence does not in any sense own or have exclusive title to it, and the court must consider the implications of all the evidence, regardless of its source. A plaintiff may rightfully rely upon any favorable evidence, whether introduced by himself or by the defendant; by the same token, a defendant always runs the risk that his own evidence might cure a defect in the plaintiff's case (*Bopp v New York Elec. Vehicle Transp. Co.*, 177 NY 33, 35-36). Evidence presented on a defendant's direct case may thus be considered in determining whether the plaintiff has established a prima facie case (*Keeton v Cardinal O'Hara High School*, 233 AD2d 839, 840). Indeed, in determining whether a plaintiff has met this initial burden, the court is obliged to consider all of the evidence, including proof adduced by the defense (*National Bank v Systems Home Improvement*, 69 AD2d 557, 562, *affd* 50 NY2d 814).

Here, the individual defendant's own testimony, whether or not "evasive," supplied the missing link that at the time the summons and complaint were delivered to 485 Madison Avenue, he was executive vice president and a significant shareholder of at least one company operating at that location; that he was a "business partner" of Ronald Oehl, who leased the office on the 24th floor of the building; that he had actually gone to work at 485 Madison Avenue "once or twice" during the three months preceding the traverse hearing, despite being in New York for only "a week or ten days" during that time; and that he received mail at 485 Madison Avenue, which, as "a matter of regular business practice," would be opened by a secretary who determined if it were urgent, and if so, would forward it to him. Furthermore, the legal bills that form the basis of this action were addressed to him at 485 Madison Avenue, together with other correspondence.

Having thus effectively held out 485 Madison Avenue as his business address, and induced plaintiff's reliance thereon, this defendant cannot disclaim it as his "actual place of business" (CPLR 308 [6]; *see*, Alexander, 1994 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C308:5A, 2001 Pocket Part). Although defendant may have conducted business elsewhere at times, we find, upon consideration of the entire record, that 485 Madison Avenue was his actual place of business for purposes of service (*Columbus Realty Inv. Corp. v Weng-Heng Tsiang*, 226 AD2d 259).

The individual defendant argues alternatively that his default should be excused and he should be permitted to defend pursuant to CPLR 317. In dictum, the IAS Court opined that

had it not dismissed the action, it would have been inclined to afford defendant relief under this statute. We disagree.

In order to qualify for relief under CPLR 317, one must demonstrate both a lack of personal notice of the summons in time to defend, and the existence of a meritorious defense. This defendant failed to show either. There was uncontested proof that two attorneys representing him were immediately aware of the service, and we find it inconceivable that they did not promptly notify him of the commencement of the action and his posture as a named party defendant. Furthermore, he participated in the preparation of motion papers to quash subpoenas issued in the action following a default judgment taken against one of his corporate co-defendants.

With respect to the existence of a defense, a letter was proffered, written in 1999 by plaintiff law firm to attorney Hashim (with copy to the individual defendant), seeking an arrangement for payment of outstanding legal fees in monthly installments of $30,000. This defendant cites the letter (even though never countersigned by him) in support of his contention that the plaintiff law firm agreed to look solely to the corporate defendants, thus relieving him of personal liability, "so long as all of the payments * * * are timely received." The letter goes on to provide, however, that should "any of the payments * * * not [be] timely received, [plaintiff] reserves any rights * * * to seek payment of its bills in full from *any* party." (Emphasis added.)

Since concededly there was a default in payment of the installments which then triggered this lawsuit, the defense tendered is repudiated by the very terms of the cited letter. Palpably, the defense is totally lacking in merit. To permit this default to be excused and to require this action to continue would be both an injustice to plaintiff and an imposition upon the court system. Concur—Tom, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.