■ MALCOLM BOLTON, Appellant, v EJIOLEH EXPRESS, Doing Business as EJIOLEH EXPRESS SERVICES, et al., Respondents, et al., Defendant. [913 NYS2d 721]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated July 27, 2009, as granted those branches of the motion of the defendants Ejioleh Express, doing business as Ejioleh Express Services, and John Ajah which were pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability, finding them 100% at fault for the happening of an incident, and for judgment as a matter of law.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Ejioleh Express, doing business as Ejioleh Express Services, and John Ajah which were pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law are denied, and the matter is remitted to the Supreme Court, Kings County, for a trial on the issue of damages.

The plaintiff was a passenger of a vehicle operated by the defendant Dwayne Little which collided with a vehicle operated by the defendant John Ajah and owned by the defendant Ejioleh Express, doing business as Ejioleh Express Services (hereinafter Ejioleh). The jury found that the defendant Ajah was 100% at fault for the happening of the incident. The defendants John Ajah and Ejioleh (hereinafter together the defendants) subsequently moved, inter alia, pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law on the ground that the verdict was not supported by legally sufficient evidence. The trial court granted those branches of the motion which were pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law on the ground that the jury verdict was not supported by legally sufficient evidence, stating that the plaintiff had failed to establish that the "defendants' vehicle was, in fact, the vehicle that collided with his vehicle." We reverse the order insofar as appealed from.

For a court to conclude that a jury verdict is not supported by legally sufficient evidence, there must be no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Nicastro v Park*, 113 AD2d 129, 132 [1985]). Any defect in the plaintiff's case was cured by the evidence presented on the defendants' direct case. Contrary to the defendants' contention, in determining whether the plaintiff's initial burden has been established, the Supreme Court is obliged to consider all of the evidence, including the proof adduced by the defendants which cures any defects in the plaintiff's case (*see Bopp v New York Elec. Veh. Transp. Co.*, 177 NY 33, 35 [1903]; *Beck v Northside Med.*, 25 AD3d 631, 633 [2006]; *Gibson, Dunn & Crutcher v Global Nuclear Servs. & Supply*, 280 AD2d 360, 362 [2001]; *Keeton v Cardinal O'Hara High School*, 233 AD2d 839 [1996]; *National Bank of N. Am. v Systems Home Improvement*, 69 AD2d 557, 562 [1979], *affd* 50 NY2d 814 [1980]; *Calandra v Martino*, 2002 NY Slip Op 40050[U] [App Term, 2d & 11th Jud Dists 2002]).

The defendants' remaining contentions are without merit. Fisher, J.P., Angiolillo, Belen and Austin, JJ., concur.