Amcojor Realty Corp. v Butter Mgt. LLC (2024 NY Slip Op 05476)

Amcojor Realty Corp. v Butter Mgt. LLC

2024 NY Slip Op 05476

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Kapnick, J.P., Kennedy, Scarpulla, Higgitt, JJ. 

Index No. 650593/21 Appeal No. 2992 Case No. 2023-04145 

[*1]Amcojor Realty Corp., Plaintiff-Respondent,
v
Butter Management LLC Doing Business as Butter Group, Defendant, Richard Akiva, Defendant-Appellant.

Gruppuso Legal, New York (Anthony M. Gruppuso of counsel), for appellant.
Mermel Associates PLLC, Lake Success (Mark D. Mermel of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered March 2, 2023, which denied defendant Richard Akiva's motion to dismiss the complaint for lack of personal jurisdiction or, in the alternative, to vacate a default judgment against him pursuant to CPLR 317, unanimously affirmed, without costs.
Plaintiff landlord's properly executed affidavit of service constituted prima facie evidence of proper service of the summons and complaint upon defendant lease guarantor (see General Ins. v Leandre, 224 AD3d 427, 428 [1st Dept 2024]). The affidavit of service attests to attempted personal service upon defendant on three separate dates and times at a nightclub business address that defendant designated for notice purposes in connection with his execution of the lease guaranty. On the fourth service attempt, the process server resorted to affix and mail service (see CPLR 308[4]).
Defendant argues that because of the Covid lockdown and the nightclub's temporary closure, the nightclub address could no longer be deemed his actual place of business, and that service at that location did not afford him with reasonable notice of the action against him for purposes of acquiring personal jurisdiction. However, because defendant designated the nightclub address as his business address for notice purposes under the guaranty, "he may not now reasonably claim he was not properly served" (Central City Brokerage Corp. v Acosta, 49 AD3d 455 [1st Dept 2008]; see also Gibson, Dunn & Crutcher v Global Nuclear Servs. & Supply, 280 AD2d 360, 361 [1st Dept 2001]). Further, defendant had a contractual duty under the guaranty to keep the landlord apprised of a current address for receipt of notices in connection with the guaranty, and here, he never changed the address.
Accordingly, defendant's mere denial of receipt of process fails to rebut the presumption of proper service created by the affidavit of service (see Xiao Hong Wang v Chi Kei Li, 169 AD3d 593, 594 [1st Dept 2019]).
To the extent defendant seeks to vacate the default judgment pursuant to CPLR 317, he has not demonstrated a meritorious defense. It is clear from the record that the accrued lease liabilities were due to the only partial rental payments made in the later months of the lease and the tenant's failure to surrender the lease, as required by the terms of the guaranty, and reflected in a draft surrender agreement exchanged between the parties and in their email communications regarding a surrender (see 9-11 Stanton St. Realty Corp. v Stanton St. Cleaners, Inc., 222 AD3d 570, 571 [1st Dept 2023]; Empire LLC v Sharapov, 192 AD3d 417, 417-418 [1st Dept 2021]). The tenant, which had vacated the premises in or about September 2020, did not execute a surrender agreement in an effort to negotiate releases from the landlord as to accrued lease liabilities that exceeded the value of the tenant's security deposit. The terms of the lease and guaranty, however, required the tenant both to vacate [*2]and to surrender the leased premises.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024