## PEOPLE v. JOHNSTON.

(Supreme Court, Appellate Division, Third Department. May 2, 1906.)

CRIMINAL LAW—INFORMATION—PETIT LARCENY—JURISDICTION.

Code Cr. Proc. § 56, subd. 1, provides that Courts of Special Sessions, except in the city and county of New York and the city of Albany, shall have, in the first instance, exclusive jurisdiction within their respective counties of petit larceny "charged as a first offense." *Held,* that it was not necessary that an information for petit larceny should charge that it was for a first offense in order to confer jurisdiction on a Court of Special Sessions to try the same; it being presumed, in the absence of an allegation to the contrary, that the offense charged was defendant's first offense.

Appeal from Warren County Court.

Edward T. Johnston was convicted of petit larceny, and he appeals. Affirmed.

The defendant was convicted of the crime of petit larceny on a trial before a Court of Special Sessions held by the police justice at Glens Falls, and sentenced to 61 days in the Albany Penitentiary. On an appeal to the County Court the sentence was modified to a fine of $50, and to confinement in the Warren county jail for 50 days if the fine was not paid, and, as so modified, affirmed.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

A. Armstrong, for appellant.
Daniel J. Finn, for the People.

CHESTER, J. The evidence was sufficient to sustain the conviction, but the defendant insists that the Court of Special Sessions had no jurisdiction to try him, because in the information the crime of petit larceny was not charged as a first offense; such court being a court of limited jurisdiction, and being given jurisdiction under the statute (Code Cr. Proc. § 56, subd. 1) of trying the charge of "petit larceny charged as a first offense." This question has been expressly determined adversely to the contention of the defendant in the case of People v. Cook, 45 Hun, 34, where Smith, P. J., in writing for the court, says:

"It is also contended that  *  *  * Courts of Special Sessions can only try cases of petit larceny charged as a first offense. Code Cr. Proc. § 56, subd. 1. We do not understand that it is essential to the jurisdiction of a Court of Special Sessions in a case of petit larceny that the information or the warrant should allege that the crime charged is a first offense. If it be a first offense in fact, the court has jurisdiction to try the case, and it is to be deemed a first offense unless the contrary is charged; but if such allegation is material for any purpose, the defendant is not harmed by its omission. The provision requiring such allegation is, in the interest of the public, to prevent criminals guilty of a second offense from escaping the full measure of punishment imposed by statute (Pen. Code, § 688), and which Courts of Special Sessions have not the power to inflict."

The defendant also urges that the court erred in excluding evidence offered by him to show that the charge was not a first offense in fact. The offer, however, fell far short of this. The offer was that the same complainant had laid information against this defendant on a charge of larceny upon which a warrant was issued against the prisoner, and

upon which he was arrested prior to being arrested on this charge; but there was no offer to show that the offense charged in that information was one committed by the defendant prior to the one for which he was being tried, and it is not to be presumed that he would care to confess the commission of an earlier offense to exclude the court of jurisdiction, when the only other effect of such confession would be to subject himself to a prosecution which might result in a much more severe punishment than could be imposed for a first offense.

The judgment should be affirmed. All concur, except PARKER, P. J., not voting.