THE PEOPLE OF THE STATE OF NEW YORK ex rel. BERNARD FAXON PETTIBONE, Relator, *v.* THE SUPERINTENDENT OF THE NEW YORK STATE REFORMATORY AT ELMIRA, N. Y., Defendant.

Supreme Court, Special Term, Chemung County, March 3, 1937.

*Harry E. Harding,* for the relator.

*George A. King, District Attorney of Steuben County,* for the defendant.

PERSONIUS, J. The relator is confined in the Elmira State Reformatory under sentence by the judge of the City Court of Hornell. He alleges that the judge of said court had no jurisdiction of the crime for which he was convicted and sentenced.

" That which may be examined on the return of a writ of habeas corpus is whether jurisdiction of the person and of the crime charged was in the court pronouncing the judgment." (*People ex rel. Bailey* v. *McCann,* 222 App. Div. 465, 466.) The defendant could not confer jurisdiction of the offense by consent. In *People ex rel. Wojek* v. *Henderson* (134 Misc. 228) the magistrate had jurisdiction of the offense.

The relator was convicted in 1932 of violating section 1897, subdivision 4, of the Penal Law which read: " Any person over the age of sixteen years, who shall have in his possession in any city, village or town of this State, any pistol, revolver or other firearm of a size which may be concealed upon the person, without a written license therefor, issued to him as hereinafter prescribed, shall be guilty of a misdemeanor, *and if he has been previously convicted of any crime he shall be guilty of a felony.*" (Italics ours.)

It will be noted that the offense is a misdemeanor of which the judge of said City Court of Hornell would have jurisdiction, unless the offender has been previously convicted of *any* crime, in which case it is a felony of which said judge would not have jurisdiction, except to hold the defendant to the grand jury.

In cases of misdemeanor the judge of the City Court of Hornell had power to impose a sentence of imprisonment not exceeding one year in a county jail or penitentiary, and a fine, but, in 1932, section 2185 of the Penal Law provided that a male between the ages of sixteen and twenty-five, convicted of a misdemeanor, who had formerly been convicted of a misdemeanor, might be sentenced to the New York State Reformatory at Elmira. In such case it was necessary that the commitment certify the previous conviction.

In the present case the *information* charged the relator with carrying a concealed weapon without a license. *It made no reference to a previous conviction.* It, therefore, charged a misdemeanor. It was not necessary to negative the existence of a previous conviction. On the contrary, to charge a felony the information should affirmatively show the previous conviction. The offense charged " is to be deemed a first offense unless the contrary is charged." (*People* v. *Cook*, 45 Hun, 34, 37; *People* v. *Johnston*, 112 App. Div. 812, 813; *People ex rel. Gainance* v. *Platt*, 148 id. 579, 581.) The warrant recited an information charging the crime of having and carrying a concealed weapon but made no reference to a previous conviction. The relator was, therefore, charged with and arrested for a misdemeanor. Upon arraignment he was advised of his rights under sections 57 and 58 of the Code of Criminal Procedure. They apply only to cases in which the court has exclusive jurisdiction in the first instance. The relator was represented by counsel, and " To the charge the defendant pleaded guilty." To what charge? To the charge of carrying concealed weapons, which, standing alone, was a misdemeanor.

After the conviction by such plea of guilty, it developed that the defendant, relator here, was twenty-four years of age and had been previously convicted in the same court of another misdemeanor, to wit, the violation of section 982 of the Penal Law (keeping slot machines). When this developed, the court might have required

a new information to be laid charging the defendant with a felony. (Penal Law, § 1897, subd. 4.) However, this was not done and the court adjudged the defendant " guilty as charged," *i. e.*, guilty of a misdemeanor. Thereupon he was sentenced to the Elmira State Reformatory pursuant to said section 2185 of the Penal Law.

The commitment reads in part: " On the conviction   *   *   * of the crime of having and carrying concealed   *   *   *   a pistol or revolver without a written license therefor *as a misdemeanor.*" (Italics ours.) True, the commitment goes on to recite the defendant's previous conviction but this was merely in compliance with said section 2185 of the Penal Law which required the commitment to certify such previous conviction if the defendant was sentenced to the reformatory.

While the defendant, relator here, being a second offender, might have been charged with a felony, he was not so charged, convicted or sentenced. He was charged, convicted and sentenced for a misdemeanor of which the judge of the City Court of Hornell had jurisdiction.

The previous conviction of the relator occurred August 3, 1931, about nine months previous to his conviction herein. For such previous offense, he was arrested, arraigned and sentenced in the same court by the same judge. The relator assumes in his argument that the judge had personal knowledge of the defendant's previous conviction, because it was before the same judge and the record thereof appeared in his records. We do not think the judge can be charged with judicial notice of all previous convictions before him. Even if he is, it is immaterial. A magistrate acts upon the information laid before him, not upon facts which might have been alleged in such information. He cannot read other facts into the information though he have personal knowledge thereof. The information laid in the present case said nothing about a previous conviction. We think the judge had a right to act thereon. To charge a felony, the information must have alleged a previous conviction.

We think the judge of the City Court of Hornell had jurisdiction and that the relator's conviction was regular. (*People [Complaint of Kane]* v. *Lefkowitz*, 232 App. Div. 18, 21.) *People* v. *Jones* (142 App. Div. 180) is not parallel and the real decision there was that no crime had been committed.

We hold that the judge of the City Court of Hornell had jurisdiction to sentence the relator to the Elmira State Reformatory. The relator has been returned to the reformatory for a violation of his parole. No question of the legality thereof is before us and the writ must be denied.

Submit order accordingly.