KENNETH McINTYRE, Appellant, v. PHILIP FISHER, Respondent, and MITCHELL PASSINO, Impleaded Defendant.— Appeal from a judgment of the Supreme Court, entered in the Washington county clerk's office on September 20, 1941, dismissing the complaint, with costs, and an order setting aside the verdict of a jury in favor of the plaintiff against the defendant Fisher, and to dismiss the complaint as to him. Plaintiff was riding as a passenger in the automobile of the defendant Fisher which was proceeding southerly on a two-strip concrete State highway at a speed of from forty-five to fifty miles an hour. Several cars were proceeding northerly on the easterly strip. As Fisher was driving in a depression in the highway, he saw two cars coming toward him over the brow of the hill ahead. He pulled partly off the concrete and slowed down so that the car on his side of the road had time to get back in line on the easterly strip. He then pulled back on the concrete and speeded up to approximately fifty miles an hour when he again suddenly saw two other cars coming toward him over the brow of the hill, with the car on the westerly strip attempting to pass the one on the easterly strip. A collision resulted between Fisher's car and the one which was proceeding northerly on his side of the highway and plaintiff was injured. The case was submitted to the jury upon the question as to whether the speed of Fisher's car was excessive and contributed to the accident and the jury found a verdict in favor of the plaintiff. The trial court set the verdict aside, dismissed the complaint and granted a nonsuit, saying: " I do not feel that there is any evidence herein from which the jury could have found that the excessive speed of the Fisher car could alone have caused this accident." The jury believed that the excessive speed did contribute to the accident and the evidence sustains this finding. The verdict should not have been disturbed. Judgment and order reversed upon the law and facts, with costs. Motion to set aside the verdict and for a nonsuit denied, with ten dollars costs, and the verdict reinstated. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Foster, J., dissents.

CHARLES AMMERMAN, Respondent, v. FRED BERRY, Appellant.— The defendant, a resident of the State of Pennsylvania, appeals from an order of the Chemung County Court denying his motion to vacate and set aside a judgment. The action was brought to recover damages arising out of the negligence of the defendant. The complaint contained no allegation as to the residence of the defendant. He appeared generally through an attorney residing and practicing in the State of New York, and answered the complaint without questioning the jurisdiction of the court. He failed to appear at the time of the trial although due notice was given. General jurisdiction of the person of the defendant is conferred upon a County Court by appearing and answering generally in an action where the court had jurisdiction of the subject-matter. (*Meyers* v. *American Locomotive Co.*, 201 N. Y. 163; *Lindemann* v. *Wolf*, 234 App. Div. 291; *Yager* v. *Yager*, 214 id. 671; *Dulso* v. *Dulso*, 170 id. 67.) Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.