HARRY G. DEMBO, Appellant, v. WALTER STASIG, Respondent.

Third Department, November 24, 1954.

*Philip Korn* for appellant.

*Benjamin Lonstein* for respondent.

*Per Curiam.* This action was brought in Ulster County Court, personal service of the summons and complaint having been

made on defendant in that county. The complaint contained no allegation of the residence of defendant, who was, in fact, not a resident of the county. An answer was served which denied the material allegations of the complaint and raised the defenses of payment in full and of the court's lack of jurisdiction of defendant's person. After joinder of issue, plaintiff served notice of examination of defendant before trial. Moving to vacate such notice, defendant also asked for the dismissal of the complaint under rule 112 of the Rules of Civil Practice as failing to set forth facts sufficient to constitute a cause of action and because of the court's lack of jurisdiction of defendant's person. An order was granted dismissing the complaint for failure to state a cause of action because of its excessive generality, with leave, however, to plaintiff to serve an amended complaint, but denying dismissal on the jurisdictional question because of defendant's failure to conform to the procedure required by section 237-a of the Civil Practice Act.

Plaintiff then served an amended complaint whereupon defendant moved pursuant to said section 237-a for an order dismissing the amended complaint (which likewise contained no allegation as to defendant's residence) on the ground that the court did not have jurisdiction of his person. Plaintiff has appealed from the order granting the motion for dismissal of the amended complaint as jurisdictionally defective.

Defendant's answer to the original complaint was equivalent to a general appearance on his part, subjecting his person to the jurisdiction of the court. (*Ammerman* v. *Berry,* 263 App. Div. 1048; *Brainard* v. *Brainard,* 272 App. Div. 575, 577, affd. on the question of jurisdiction 297 N. Y. 916.) Chapter 729 of the Laws of 1951, adding section 237-a to the Civil Practice Act, was adopted on the Judicial Council's recommendation (Sixteenth Annual Report of N. Y. Judicial Council, 1950, p. 66, *et seq.*; Seventeenth Annual Report of N. Y Judicial Council, 1951, p. 58, *et seq.*), which had called attention to the desirability of a statutory provision permitting a defendant to come into court by special appearance to object to its jurisdiction over his person without running the risk of submitting himself to the court's jurisdiction for all purposes, theretofore a procedural device dependent on case law, sometimes conflicting. That statute, applicable to this action, requires '' a special appearance solely to object to the court's jurisdiction over his person '' and states, '' The objection, if raised in a manner other than that provided in this section or if combined with an objection to the merits, except as otherwise provided in subdivision four [not

presently applicable], shall be deemed waived." The general appearance resultant upon interposing the answer and the consequent waiver declared by statute were not affected by the dismissal of the original complaint with leave to serve an amended complaint nor was it affected by the service of the amended complaint which set up substantially the same causes of action as were alleged in the original complaint.

Some nine months after the entry of the order dismissing the amended complaint plaintiff moved for reargument of defendant's first motion for the dismissal of the original complaint. The court below granted an order permitting the reargument, but adhering to its former determination. Plaintiff has also appealed from that order. He had availed himself of the opportunity to serve an amended complaint, thus superseding the original complaint, which cannot now be revived as a pleading.

The order dismissing the amended complaint should be reversed and the motion denied. The appeal from the second order granting reargument, which adhered to the original determination, should be dismissed, without costs to either party, in either event.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Order dismissing the amended complaint reversed and the motion denied, without costs. The appeal from the order granting reargument with respect to the original complaint is dismissed, without costs.