Joseph M. Conroy, J.
This is a motion by certain defendants in a derivative stockholder’s action (1) to dismiss the summons on the ground that plaintiff failed to state on the face thereof the county of his residence and to designate the place of trial and (2) to dismiss the complaint for legal insufficiency and on the ground that the cause of action therein purported to be set forth did not accrue within three years from September 9, 1958 as to the defendants Schmergel ‘ ‘ and the parties supposed to have been served through him ”, and from September 11, *233 1958 with respect to the defendant Kahn; or in the alternative, (a) to direct the service of an amended complaint on the ground that the present pleading is indefinite, uncertain and obscure as to specific acts and dates, and (b) to strike from the complaint 12 designated paragraphs and a portion of another paragraph on the grounds they contain matters that are irrelevant, improper and conclusory and may tend to prejudice or delay the fair trial of this action.
The motion is predicated not only upon the summons and complaint but on affidavits to which opposing affidavits were filed. These affidavits have been read solely in connection with the motion insofar as it seeks to set aside the service of the summons (Rules Civ. Prac., rule 45) and to dismiss the complaint upon the ground that the action was not brought within the time limited by law for the commencement thereof (Rules Civ. Prac., rule 107, subd. 5).
The summons in this action fails to set forth, as required by rule 45 of the Rules of Civil Practice, ‘ ‘ the county where plaintiff resides and the county which the plaintiff designates as the place of trial. ’ ’ This omission presents the question whether the court has acquired jurisdiction over the person of the moving defendants. The court is of the opinion that these defendants have waived that objection by coupling therewith motions which go to the merits of the action. A defendant cannot deny jurisdiction over his person and at the same time urge merits. (Henderson v. Henderson, 247 N. Y. 428, 434; Revona Realty Corp. v. Wasserman, 4 A D 2d 444; Dembo v. Stasig, 285 App. Div. 16,17-18.)
The rules of pleading and proof governing other actions are equally applicable in actions brought by a corporation against its directors for official misconduct. Accordingly, a complaint ‘ ‘ which, fairly construed, fails to allege any facts which constitute a wrong but only general conclusions, is entirely insufficient and may be dismissed on that ground.” (Gerdes v. Reynolds, 281 N. Y. 180, 184.)
The complaint now before the court speaks of conspiracy, conversion or money had and received and fraud in the most conclusory fashion, but fails to allege the facts necessary to spell out such causes of action. So far as a cause of action for conspiracy is purported to be alleged, we have nothing more than an allegation that between the years 1953 and 1957, inclusive, the defendants conspired to cause and did cause the corporation to sell and dispose of its property and assets. True, there are allegations to the effect that assets, which are neither described nor otherwise identified, belonging to the corporation, *234 were transferred, but there is no averment that this was done pursuant to an agreement between the defendants followed by the commission of tortious acts or legal ones committed by wrongful means. (Cuker Industries v. Crow Constr. Co., 6 A D 2d 415.) Accordingly, it cannot be held from the allegations of the present complaint that the mere sale of corporate assets was itself wrongful and for which the defendants can be held liable. “ The allegation of a civil conspiracy, without more, does not in and of itself give rise to a cause of action.” (Cuker Industries v. Crow Constr. Co., supra, p. 417.)
There is, however, an allegation that the proceeds of the sale amounting in excess of $300,000 were unlawfully and wrongfully retained by defendants “ in their own names for their own benefit.” It would seem, therefore, that the retention of the proceeds of the sale rather than the sale itself is the gravamen of plaintiff’s claim as presently pleaded, but the plaintiff, has not described or otherwise identified the property that was sold nor specified the proceeds thereof which each of the defendants is charged with retaining. As for the charge of fraud, plaintiff merely alleges that the sale and disposition of the corporate assets by the officers, directors and employees of the corporation were ‘ ‘ fraudulently made ’ ’ and that the plaintiff had no knowledge thereof until prior to the commencement of the action. A cause of action in fraud and deceit, however, must contain all of the elements outlined in the leading case of Reno v. Bull (226 N. Y. 546).
The motion to dismiss the complaint for legal insufficiency is accordingly granted, with leave to plead over the cause or causes of action upon which the plaintiff relies in accordance with the foregoing views.
As for that branch of the motion which seeks the dismissal of the complaint upon the ground that the cause of action did not accrue within three years from the service of process upon certain of the moving defendants, it is denied since these defendants are specifically charged in paragraph “ 10 ” of the present complaint with retaining the proceeds of such sales and dispositions “in their own names for their own benefit.” (Dunlop’s Sons v. Spurr, 285 N. Y. 333, 336; Myer v. Myer, 271 App. Div. 465, 475, affd. 296 N. Y. 979; Dentists’ Supply Go. of N. Y. v. Cornelius, 281 App. Div. 306, 308.)
Settle order and provide therein for the service of an amended complaint in accordance with the foregoing views within 20 days of the service of a copy of the order with notice of entry thereof.