John F. Scileppi, J.
Motion to dismiss the plaintiff’s amended complaint on the ground that it does not state facts sufficient to constitute a cause of action against the defendant Kahn and the defendants that he represents, 10 John Doe defendants and 8 others, for which summonses and complaints were served on the defendant Paid Schmergel, and to dismiss such amended complaint on the ground that the cause of action therein set forth did not accrue within three years prior to September 9, 1958, ‘‘ for Paul Schmergel and the parties sup *85 posed to have been served through him, and three (3) years prior to September 11, 1958 for Charles L. Kahn ”, and, in the alternative, to make the complaint more definite and certain with respect to specific acts, dates when such acts were committed and the parties who committed them, to strike certain paragraphs from the amended complaint as irrelevant, immaterial, improper, conclusory and tending to delay or prejudice a fair trial of this action, and to direct the separate statement and numbering of causes of action claimed to be intermingled in the amended complaint.
A motion directed to the original complaint resulted in an order, dated December 9, 1958, based upon an opinion dated November 26, 1958 (Kerekes v. Greenwood Properties, 16 Misc 2d 232), wherein said complaint was dismissed for legal insufficiency with leave to the plaintiff ‘ ‘ to plead over the cause or causes of action upon which the plaintiff relies ” (p. 234) and that branch of the motion which sought to dismiss the complaint on the ground “ that the cause of action did not accrue within three (3) years from the date of services of process herein” was denied.
While it is true that the Court of Appeals held in Rager v. McCloskey (305 N. Y. 75, 78) that the dismissal of'a complaint, with leave to the plaintiff to serve an amended pleading, lacks “ the quality of finality and may not, following the service of the amended complaint, be treated as a conclusive adjudication precluding further consideration of the issues ”, the court added that the prior ruling is the law of the case so far as tribunals of co-ordinate jurisdiction are concerned, but is not binding upon an appellate court. This court is, therefore, of the opinion that the order dated December 9, 1958, denying so much of the motion of the defendants which sought the dismissal of the original complaint upon the ground that the cause of action therein purported to be set forth did not aecrue within three years from September 9,1958, with respect to some defendants, and from September 11, 1958, with respect to the defendant Kahn, is binding upon this court. Otherwise, one Special Term would be placed in the anomalous position of reviewing the prior order of another Special Term. (Platt v. New York & Sea Beach Ry. Co., 170 N. Y. 451, 458; Walker v. Gerli, 257 App. Div. 249, 251.) Orders on motions may preclude the reconsideration of questions determined by such orders. (Glotzer v. Glotzer, 286 App. Div. 1014; Potter v. Emerol Mfg. Co., 275 App. Div. 265.)
Accordingly, so much of the defendants’ motion is denied as seeks the dismissal of the amended complaint on the ground *86 that the action therein set forth was not commenced within three years prior to September 9,1958, as to the defendant Paul Schmergel and the parties served through him, and three years prior to September 11, 1958, as to the defendant Kahn.
In dismissing the original complaint, the court noted that that pleading spoke of (Kerekes v. Greenwood Properties, 16 Misc 2d 232, 233, supra) ‘ ‘ conspiracy, conversion or money had and received and fraud in the most conclusory fashion,” and that (p. 234) “it cannot be held from the allegation * * * [thereof] that the mere sale of corporate assets was itself wrongful and for which the defendants can be held liable.” The court added (p. 234): “ There is, however, an allegation that the proceeds of the sale amounting in excess of $300,000 were unlawfully and wrongfully retained by defendants ‘ in their own names for their own benefit.’ It would seem, therefore, that the retention of the proceeds of the sale rather than the sale itself is the gravamen of plaintiff’s claim as presently pleaded, but the plaintiff, has not described or otherwise identified the property that was sold nor specified the proceeds thereof which each of the defendants is charged with retaining.”
Plaintiff contends that his amended complaint does not charge as wrongful'the sale of corporate assets nor purports to allege any fraud. It is his position that paragraphs “ 12 ” to “ 16 ” thereof contain precise factual charges with respect to the alleged wrongful retention of an excess of $300,000 of corporate profits by the defendants in their own names and for their own benefit.
While it is true that some of the defects pointed out in the prior decision have now been corrected, the plaintiff has not, in the language of such decision (p. 234), “ specified the proceeds * * * which each of the defendants is charged with retaining.” In addition, plaintiff has repeated paragraph “ 10 ” of the complaint in which certain defendants are charged with having conspired to cause the corporation to dispose of property and assets and to have wrongfully and unlawfully converted and taken possession of the proceeds of such sales in a sum in excess of $1,000,000. This allegation is hardly consistent with plaintiff’s statement in his brief that the amended complaint no longer charges wrongful sale of corporate assets but the misappropriation of a sum in excess of $300,000, the profits of the sale of property identified in paragraphs “ 12 ” to “ 16 ” thereof.
As for the allegations based upon the alleged “ composition agreement ”, the alleged illegal and improper purchase of unidentified property and assets by the defendant Wolk, the *87 agreement dated March 6,1953 under which the defendant Kahn is alleged to be “ the escrow holder of the stock of the corporation ”, the alleged “ Creditors Agreement of November 22, 1957 ”, “ the illegal and improper agreement ” referred to in paragraph “32”, the charges against the defendant Feldman who was “ chosen Chairman of the Creditors Committee through the connivance of the individual defendants ’ ’, and of the defendants Rothfeld and Sutter, who are alleged to be escrow holders of funds given to them by the defendant Wolk, pursuant to the Creditors Agreement, the court is unable to perceive that these allegations are relevant to the cause of action based upon the alleged conversion of profits in excess of $300,000. If separate causes of action are intended, they should be separately stated and numbered and facts not conclusions should be averred. As presently pleaded, these allegations do not spell out any cause of action whatsoever.
Moreover, the allegations in paragraph “ 25 ” that certain defendants improperly “ refused to turn over to plaintiff, Kekekes, his stock in said corporation or reveal to * * * [him] the present status of said corporation ” do not even suggest a derivative stockholder’s action. Such an action is one to redress a wrong done to a corporation and not to the stockholder individually. If the plaintiff intends to state a cause of action in his individual capacity, it must be separately stated and numbered. (Young v. Taber, 284 App. Div. 829.)
Accordingly, the motion to dismiss the amended complaint for legal insufficiency is granted with leave to serve a further amended complaint, in accordance with the foregoing views, within 20 days of the service of a copy of the order to be entered hereon, with notice of entry.
Submit order.