Lawkence H. Cooke, J.
Relator having been found to be a narcotic addict within the meaning of article 9 of the Mental Hygiene Law, having been certified on September 15,1967 to the care and custody of the New York State Narcotic Addiction Control Commission pursuant to section 206 of said law and now confined at the Woodbourne Rehabilitation Center, this habeas corpus proceeding has been instituted to secure his release on the following grounds, as stated by his attorney for the record: (1) that the Woodbourne Rehabilitation Center is in actuality a correctional institution in violation of said article 9; (2) that his commitment violates his constitutional rights as set forth in the Fifth, Sixth and Fourteenth Amendments of the United States Constitution; (3) that petitioner was deprived of due process at the time of his commitment in that on September 15, 1967 in the Supreme Court, New York County, he appeared without counsel, was “ high ” on narcotics and does not recall whether he was advised of or given an opportunity for counsel; and (4) that he was not eligible for certification under said section 206 since there were criminal charges pending against him, nor was he eligible for commitment under section 210 of the Mental Hygiene Law since he had been convicted of two felonies.
I
The physical property now known as the Woodbourne Rehabilitation Center was formerly designated as the Woodbourne Correctional Institution (Correction Law, § 19). Pursuant to subdivision 4 of section 3 of the Public Lands Law, public records *268 show that a portion of the Woodbourne facility was transferred to the jurisdiction of the Narcotic Addiction Control Commission' on August 28, 1967 and the whole of said facility was substantially so transferred on October 4,1967, concerning which judicial notice may be taken (Browne v. City of New York, 213 App. Div. 206, 233, affd. 241 N. Y. 96; Fisch, New York Evidence, p. 516, n. 24).
It is the policy of the State to help and treat narcotic addicts and, if possible, to cure them of the disease (Mental Hygiene Law, § 200) but this policy does not confer on the addict a right to release in the event of claimed inadequate treatment (People ex rel. Anonymous v. La Burt, 14 A D 2d 560, mot. for lv. to app. den. 10 N Y 2d 708, cert. den. 369 U. S. 428). Section 204 of the Mental Hygiene Law confers broad powers on the commission, among them the establishment and operation of rehabilitation cénters, the approval of facilities and services for the treatment, care or rehabilitation of narcotic addicts and the making of rules and regulations for the exercise of the powers and the performance of the duties of the commission. The proof indicates that the Woodbourne Rehabilitation Center is far more than a mere place of detention and, further, that there is a comprehensive plan in operation designed to treat, care for and rehabilitate the residents therein. A disagreement as to the efficiency or advisability of the programs in force at Woodbourne does not confer on the addict a right to release (People ex rel. Anonymous v. La Burt, supra), the Narcotic Addiction Control Commission having the power to approve facilities and services for the treatment, care or rehabilitation of narcotic addicts and being directed to establish regulations and standards for the custody of narcotic addicts who have been certified to its care and custody pursuant to said article 9 (Mental Hygiene Law, §§ 204, 211).
The Woodbourne Rehabilitation Center is operated solely under the professional jurisdiction and supervision of the Narcotic Addiction Control Commission, as created by the Mental Hygiene Law, and is a Narcotic Addiction Control Commission facility (Mental Hygene Law, § 29, subd. [12]), not a correctional institution and no longer operated under the jurisdiction of the Department of Correction (see Correction Law, §§ 5, 6,11,19).
II
Although relator’s claim of unconstitutionality has not been particularized, attention is called to: Matter of James (29 A D 2d 72); People ex rel. Gordon v. Murphy (55 Misc 2d 275); Matter of Spadafora (54 Misc 2d 123).
*269 III
In a habeas corpus proceeding, there is a presumption of regularity as to the challenged proceedings, which presumption relator must overcome by a preponderance of the credible evidence (People v. Richetti, 302 N. Y. 290, 298; People v. Chait, 7 A D 2d 399, 401; People ex rel. Frankel v. Brophy, 255 App. Div. 822, app. dsmd. 279 N. Y. 705, app. dsmd. 280 N. Y. 701; People ex rel. Kammerer v. Brophy, 255 App. Div. 821, affd. 280 N. Y. 618; People v. Malone, 128 N. Y. S. 2d 516; 25 N. Y. Jur., Habeas Corpus, § 25). Relator has testified that he does not recall whether he was advised of his right to counsel. ■ Here, there is no contrary substantial evidence to overcome the presumption aforesaid.
IV
Subdivision 1 of section 206 of the Mental Hygiene Law provides : “ A justice of the supreme court or a judge of a county court in the county * * * where an alleged narcotic addict resides or where he may be found, may certify such narcotic addict to the care and custody of the commission in the manner hereinafter provided; except that no person participating in a narcotic addict rehabilitation program in facilities or services approved by the commission, and no person who has pending against him a criminal action, shall be certified to the commission pursuant to this subdivision, except as provided in section two hundred ten of this chapter.” There is proof that, at the time of relator’s application for certification and at the time of his certification, there were two different criminal charges pending against him. However, relator’s verified petition for civil certification states: “ Upon information and belief * * * nor is there a criminal action now pending against the alleged narcotic addict herein [referring to relator].”
There are two kinds of jurisdiction which the court must have or obtain in order to render a valid decision or judgment: (1) jurisdiction of the subject matter of the suit or proceeding, and (2) jurisdiction over the parties to the action (1 Carmody-Wait 2d, New York Practice, § 2:77; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 301.01).
Jurisdiction of the subject matter is power to adjudge concerning the general question involved and is not dependent upon the state of facts which may appear in a particular case arising, or which it is claimed to have arisen, under that general question; there is a more general meaning to the phrase “ subject matter ” than power to act upon a particular state of facts, it being the power to act upon the general, and so to speak, the *270 abstract question and to determine and adjudge whether the particular facts presented call for the exercise of the abstract power (Hughes v. Cuming, 165 N. Y. 91, 95; O’Donoghue v. Boies, 159 N. Y. 87, 107-108; Hunt v. Hunt, 72 N. Y. 217, 229-230; 1 Carmody-Wait 2d, New York Practice, p. 92, n. 15; cf. Richards v. Richards, 1 A D 2d 866). The Supreme Court is a court of general original jurisdiction in law and equity and is presumed to have jurisdiction of an action or proceeding unless the contrary plainly appears (N. Y. Const., art. VI, § 7; Judiciary Law, § 140-b; Condon v. Associated Hosp. Serv., 287 N. Y. 411, 414-415; Matter of Steinway, 159 N. Y. 250, 257; Kaminsky v. Kahn, 23 A D 2d 231, 236; 1 Carmody-Wait 2d, New York Practice, § 2:165), and once the Legislature created the civil proceeding in question, jurisdiction to entertain it vested in the Supreme Court (Thrasher v. United States Liab. Ins. Co., 19 N Y 2d 159, 166). The failure of relator (then the petitioner) to reveal the criminal actions pending against him did not affect the Supreme Court’s competence to entertain the proceeding instituted by bim. Tn doubtful eases courts are impelled to classify defects as “ subject matter ” if they result from jurisdictional doctrines which transcend the interests of the parties (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 32-36); but here the defect involves, and does not transcend, the interests of the parties. The defect is one, therefore, which should be classified as involving jurisdiction of the person.
If the court has jurisdiction of the subject matter but lacks jurisdiction of the person of a party, it may obtain the latter by said party’s consent or stipulation submitting to such jurisdiction or by subjecting himself to said jurisdiction (Henderson v. Henderson, 247 N. Y. 428, 432; Revona Realty Corp. v. Wasserman, 4 A D 2d 444, 448; Hecht v. Occhipinti Realty Co., 254 App. Div. 96, affd. 278 N. Y. 724; Lindemann v. Wolf, 234 App. Div. 291; Dratfield v. McKenzie, 191 N. Y. S. 2d 823; People ex rel. Wojek v. Henderson, 134 Misc. 228, 230; Wachtell, New York Practice Under the CPLR, p. 47; 1 Carmody-Wait 2d, New York Practice, § 2:80; Paperno & Goldstein, Criminal Procedure in New York, p. 151; cf. People ex rel. Burkardt v. Elsaesser, 244 App. Div. 891; People ex rel. Rose v. Additon, 189 Misc. 102). The Justice of the Supreme Court acted upon the information laid before him, not upon the facts which might or should have been alleged in the petition by relator, then the petitioner (cf. People ex rel. Pettibone v. Superintendent of N. Y. State Reformatory at Elmira, 162 Misc. 125,127).
By analogy, it is clear that the defect was one which could be waived. Under section 190 of the Judiciary Law (the pertinent *271 portion having been derived from section 67 of the Civil Practice Act), where a money judgment is sought, the defendant, or if there are two or more defendants, all of them, at the time of the commencement of the action, must reside in the county, or a defendant must have an office for the transaction of business within the county and the cause of action must have arisen therein. In such actions, where defendants were not residents of the county, it has been ..held that general jurisdiction of the respective defendants was conferred by each appearing and answering generally in the action (Dembo v. Stasig, 285 App. Div. 16; Ammerman v. Berry, 263 App. Div. 1048; Martin v. Farrell, 47 Misc 2d 126), the defect as to the statutory requirement of residence being one going to the jurisdiction of the person. So too, here, the statutory provision as to “ no person who has pending against him a criminal action ’ ’ is one pertaining to jurisdiction of the person.
The order of certification under which relator is being held in care and custody was made at his own request (cf. People ex rel. Noto v. Police Dept. of City of N. Y., 283 App. Div. 872). (See Matter of McCabe v. County Ct., 24 Misc 2d 472, 474-475; People ex rel. Schildhaus v. Dros, 14 Misc 2d 126, 127; People ex rel. Posner v. Vollmer, 2 Misc 2d 575, 577; 39 C. J. S., Habeas Corpus, § 10. Cf. Triple Cities Constr. Co. v. Maryland Cas. Co., 4N Y 2d 443, 448; Metropolitan Life Ins. Co. v. Childs Co., 230 N. Y. 285, 293.)
Relator is a narcotic addict within the meaning of subdivision 2 of section 201 of the Mental Hygiene Law.
The writ and the proceedings thereupon are dismissed and relator is remanded to the custody of the Woodbourne Rehabilitation Center.