It follows that the order appealed from must be reversed with $10 costs and disbursements, and the application dismissed with $50 costs.

VAN BRUNT, P. J., and LAUGHLIN, J., concur. PATTERSON, J., concurs in result. HATCH, J., concurs except as to costs.

---

(75 App. Div. 567.)

### In re COATS.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. CORPORATIONS—INSPECTION OF BY-LAWS.

An order permitting a stockholder to inspect the by-laws and resolutions of the corporation having the effect of by-laws will not be disturbed; it not appearing that the privilege will be abused, or that any ulterior purpose prejudicial to the corporation will be served thereby, and the rights of the corporation being preserved by the order.

Appeal from special term, New York county.

In the matter of the petition of Russell R. Coats for a copy of the by-laws of the Empire City Fire Insurance Company. From an order granting a peremptory writ of mandamus commanding the company to exhibit to the petitioner its by-laws or a copy of the same, and of such resolutions of the company as have the force and effect of by-laws, or to permit the petitioner or his attorney to take extracts or copies therefrom, between certain hours on a business day, it appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Henry C. Quinby, for appellant.
Chas. Gibson Bennett, for respondent.

HATCH, J. The petition instituting this proceeding shows that the petitioner is the owner of more than 500 shares of stock of the Empire City Fire Insurance Company; that he has heretofore applied to said company for a copy of the by-laws of the company and leave to inspect the same, but that his application in each instance has been refused. In a prior proceeding (In re Coats, 73 App. Div. 178, 76 N. Y. Supp. 730), an order was obtained by this petitioner for the inspection of the books and other papers of the company. Upon appeal, this court reversed such order for the reason that it did not provide proper safeguards to prevent an abuse of the privilege of inspection, and that the opposing affidavits presented a case tending to establish that the application was not made in good faith, but for an improper ulterior purpose. This court therefore reversed the order. The appellant has embraced within its record upon this appeal the affidavits used in opposition to the application for the order in the other proceeding, and also additional affidavits tending to show that it has not denied the petitioner any right of inspection of the by-laws, of which he is possessed.

The claim of the appellant is now, as it was before, that this application is not made in good faith. It is clear that the petitioner is not entitled to the inspection of the by-laws and resolutions as mat-

ter of right. The granting or refusing of the application rests in the sound discretion of the court, in the exercise of its equitable jurisdiction, and, if satisfied that the application is made for an improper purpose or will result in an abuse of the privilege, it will deny the same. In re Steinway, 159 N. Y. 250, 53 N. E. 1103, 45 L. R. A. 461. The application for an inspection of the by-laws, however, rests upon a different footing from the application for an inspection of books and papers. The by-laws constitute a part of the contract between the stockholder and the corporation, and are binding upon both. Rathbun v. Snow, 123 N. Y. 343–349, 25 N. E. 379, 10 L. R. A. 355; Matthews v. Associated Press, 136 N. Y. 333, 32 N. E. 981, 32 Am. St. Rep. 741. It must be a strong case, therefore, which would interpose to prevent a stockholder from opportunity to examine the by-laws of the corporation, and thus inform himself of the terms of the contract into which he has entered. He ought to be permitted to know the extent and terms of his obligations and the tenure upon which he holds his property. It does not appear that the privilege to inspect the by-laws will be abused, or that any ulterior purpose prejudicial to the corporation will be served thereby. We therefore think that a case was made entitling the petitioner to an inspection and copy of the by-laws. The order as entered gives such right, and preserves all of the rights of the corporation, in permitting the inspection, to which it is entitled.

The order should therefore be affirmed, with $10 costs and disbursements. All concur.