James J. Conroy, J.
This is an application, pursuant to section 25 of the General Corporation Law, to declare illegal, null and void, and to set aside, the election of directors and officers of Rex Specialty Bag Corporation held on March 2,1956 at the corporation’s principal place of business. The petitioner also seeks a direction that all persons now assuming to act pursuant to such election be ordered to cease acting as officers and directors.
The corporation is a close corporation and all of the stock is equitably owned in equal proportion by the petitioner, the respondent David Adlman and the respondent Irving A. Singer. Notice of this petition was served on the said David Adlman and Irving A. Singer, and also the Rex Specialty Bag Corporation. The certificate of incorporation was filed with the Department of State on March 24, 1950. The books of the corporation were not presented to the court, but the respondent Adlman stated in his affidavit, and no serious dispute is raised by the other interested parties, that an examination of the minute book, stock book and stock ledger book would disclose the following:
There were no signed minutes of any organization meeting; there were no resignations of the directors named in the certificate of incorporation; there were no assignments by the incorporators of their subscription rights; the blanks contained in the printed form of by-laws in the minute book were not filled in; the stock certificate book contained three stock certificates, *898 each for 10 shares of the capital stock, made out to the petitioner herein, the respondent David Adlman and the respondent Irving A. Singer, respectively, and each signed by the petitioner, Herman Shulman, as the secretary-treasurer; there were unsigned minutes contained in the minute book which recited that petitioner Shulman and the respondents Adlman and Singer were elected directors of the corporation, and that Adlman was elected president, Shulman, secretary-treasurer, and Singer, vice-president.
The petitioner makes no claim that any meeting was ever held, but he states in his petition that the corporate minutes had never been written up. He contends that respondent Singer was never elected an officer or a director, and states that he, the petitioner, was the president of the corporation from its inception, that the respondent Adlman was vice-president and secretary, and that Singer held no position. He sets forth, as proof of this contention, a resolution filed with the corporation’s depository bank. This resolution stated that at a meeting of the board of directors of the corporation on May 1, 1950, the said bank was named as depository, the petitioner, in said resolution, was named as president, and the respondent Adlman was named as vice-president and secretary. A subsequent resolution of the corporation, dated May 11, 1951, stated that at a meeting of the board of directors held on May 11, 1951 a resolution was adopted requesting the bank to honor the signature of the petitioner herein, and this resolution was signed by the petitioner Shulman as secretary and by the respondent David Adlman as president of the corporation.
The contention of the petitioner that he never recognized Singer as an officer is not borne out by his letter addressed to the Bank of the Manhattan Company, dated February 4, 1955, in which he asked that bank not to honor any checks of the corporation unless such checks bore the signatures of two of the officers of the corporation, one of which must be his own. He stated in said letter that he had requested the officers of the corporation to sign the proper resolutions, but that such officers had refused. The resolutions he requested to be signed were sent by him to both Adlman and Singer and the latter was named in each of said resolutions as vice-president. The corporation filed New York State franchise returns each year. Each of said returns shows Singer to be the vice-president and three of these said returns were signed by the petitioner Shulman himself.
The petitioner objects to the elections on the grounds: (1) no proper notice of the meetings of stockholders and directors was ever given; (2) any action taken thereat was illegal because at *899 the time the corporation was organized in 1950 there was a definite oral agreement and understanding between the petitioner and the other two stockholders, the respondents Adlman and Singer, that the stock would be issued to them in equal shares and that any action by the stockholders would require a vote of not less than 75% of all the stockholders, and that no such percentage having been voted at the said meetings, the result was not controlling; (3) since the stockholders’ meeting was invalid, the directors’ meeting that followed was likewise invalid; and (4) parties other than stockholders made motions, nominations and otherwise participated in said meetings and elections.
The meeting of the stockholders was called by a notice addressed “ To the stockholders of Rex Specialty Bag Corporation.” The notice stated the place, the time and the purpose of the meeting, and was signed by respondent ‘‘ Irving A. Singer Irving Singer stockholder. ’’ At the same time there was served a notice of a directors’ meeting to follow the stockholders’ meeting. This notice was likewise signed by Irving A. Singer. Prior to the service of these notices, and on February 9, 1956, there were obtained from the original subscribers their assignment of their respective subscription rights and from the directors named in the certificate of incorporation their resignations.
The petitioner’s contention is that since no by-laws were adopted prior to this meeting, notice thereof had to be served pursuant to section 45 of the Stock Corporation Law and that since Singer was not an officer who could sign such a notice pursuant to said section, the meeting was invalidly called.
From the papers and exhibits submitted on this application the court finds that Singer was the vice-president of the corporation. His right to such office stemmed from the same source as the office claimed by petitioner, be it president or secretary-treasurer. However, respondent Singer states that he did not sign the notice of meeting pursuant to section 45 of the Stock Corporation Law, but pursuant to section 22 of the General Corporation Law. In July of 1955 Singer caused a letter to be addressed to the then attorneys for the corporation (the same attorneys who represent the petitioner in these proceedings), requesting them to deliver his stock certificate which had been partly signed and to which the revenue stamps had been affixed, and requesting further that appropriate steps be taken to secure the resignation of the original subscribers and that the minute book be brought up to date. In this letter Singer expressed some doubt as to whether there were any legally constituted officers or directors and a demand was made that a *900 meeting of stockholders be promptly called. A copy of this letter was sent to the petitioner Shulman. No steps having been taken to correct the conditions complained of, the respondent Singer, as a stockholder, called the meeting in question, pursuant to section 22 of the General Corporation Law. Such a meeting may be called by a member, who in subdivision 15 of section 3 of the General Corporation Law is defined as a stockholder of record having the right to vote. Proper notice was duly published of the meeting as required by section 22 of the General Corporation Law.
Petitioner does not claim that Singer was not a stockholder; indeed, in the petition itself he alleges that he made an agreement with Singer as a stockholder. Such agreement, already referred to, was never reduced to writing and was not incorporated in the certificate of incorporation as permitted by section 9 of the Stock Corporation Law.
It is unnecessary to pass upon the validity of the agreement since the court finds that no such agreement was ever made. Respondents Adlman and Singer not only deny that any such agreement was ever made, but point to the fact that under no circumstances would they have entered into an agreement which would result in the requirement of a unanimous vote to transact any corporate matters.
The objection that unauthorized parties participated in the meeting is without merit. The petitioner attended both of the meetings but took no part therein after voicing his objections to the same. One of his present attorneys also attended the meeting but representing the corporation. He too took no part but made a statement to the effect that it was his opinion that the meetings were illegally called. Both the respondents Adlman and Singer were present in person and were represnted by their respective attorneys. At the start of the meeting of the stockholders it was stated by the attorney for respondent Singer that unless there was serious objection “that the attorneys speak for the various parties in order to expedite matters.” Although the attorneys voiced the motions and nominations it is clear they were acting for their respective clients who were present and acquiesced in all the proceedings. The minutes of these meetings also show that only the stockholders Adlman and Singer voted on the matters presented.
The court can find no valid or legal objection to the calling or conducting of either the meeting of the stockholders or the meeting of the board of directors. The petition is therefore dismissed.