L. Barron Hill, J.
By a petition and order to show cause “plaintiff” seeks to stay the individual “ defendants ”. from conducting a special stockholders’ meeting of defendant corporation. Plaintiff, and the individual defendants, (hereinafter called defendants) are the sole stockholders of the corporation. Defendants own 75% of the stock, plaintiff owns 25%.
*857 Defendants caused to be served on plaintiff a notice to a special meeting of stockholders to be held on December 27, 1957 for the purpose of electing directors and officers of the corporation. The notice was signed by the three defendants as stockholders ; none of the defendants is an officer of the corporation. The order to show cause herein contained a stay provision and the meeting has not been held.
It is the contention of plaintiff that the notice of meeting is invalid because it does not comply with the requirements of section 45 of the Stock Corporation Law which section requires the notice of meeting to be signed by one of the officers of the corporation enumerated by the section. Defendants do not rely upon any by-law of the corporation but assert that the notice is valid because of the provisions of section 22 of the General Corporation Law.
It is alleged that no annual meeting of the corporation has been held in several years and that the directors, therefore, have been perpetuated. It further appears that plaintiff, as president of the corporation will decline to sign any notice of special meeting which defendants might request. Under such circumstances, defendants are entitled to proceed in accordance with the provision of section 22 of the General Corporation Law. (Matter of Bloch v. Gershman, 272 App. Div. 218; Matter of Miller, 150 N. Y. S. 2d 520; Matter of Shulman, 2 Misc 2d 896.)
Although defendants are entitled to proceed under said section 22 of the General Corporation Law they have apparently failed to comply with the requirements of the section for publication. Thus, the question is presented whether action can validly be taken at the meeting without such publication where all stockholders have actual notice of the meeting. It may be that if defendants avail themselves of a statutory benefit they have to proceed strictly according to the terms of the statute. On the other hand, if a meeting is held it may be that the notice is sufficient to, or, if insufficient, no stockholder will complain of the action taken at the meeting.
The procedure adopted by plaintiff has been puzzling. Although, the caption is in the form of an action, there is no summons or complaint. It is clear plaintiff proceeds only by way of a petition.
Section 25 of the General Corporation Law which confers jurisdiction on this court in respect to corporation elections probably contemplates procedure by way of petition. (Cf. Matter of Shulman, supra.) The section, however, becomes operative after the election occurs. In like manner, until some corporate action is taken, I do not believe a proceeding can be *858 maintained under the provisions of section 1283 et seg. of the Civil Practice Act as in Matter of Bloch v. Gershman (supra). As stated, no action is pending for a permanent injunction wherein I am empowered to grant a temporary injunction.
I conclude, therefore, that this proceeding must be dismissed without prejudice to any action or proceeding plaintiff may wish to institute should defendants proceed with any meeting pursuant to the provisions of the notice attached to the petition herein.
The stay is hereby vacated and defendants may proceed according to law as they may be advised.
Submit order.