Joseph M. Conroy, J.
The defendants Creative Country Day School, Inc., Edward L. and Eileen J. Silver and Harry Eigenberg move to dismiss for legal insufficiency the first and second causes of action asserted against them, and the defendant Edward L. Silver moves to dismiss for legal insufficiency the third cause of action which has been asserted solely against him.
Creative Country Day School, Inc. (hereinafter called “ Creative ”), is a corporation duly organized under the Education Law of the State of New York and is engaged in the business of operating a day school, nursery school and kindergarten. The plaintiffs allege that they are stockholders of Creative and that the defendants Silver and Eigenberg and/or their nominees are the officers and directors and/or trustees of Creative.
In their first cause of action plaintiffs seek judgment compelling the holding of a stockholders’ meeting for the election of officers and the right to inspect the corporate books, which the above-named defendants have refused to permit.
The second cause of action purports to allege a derivative stockholders ’ action on behalf of Creative. Therein the defendants Silver and Eigenberg, the only officers and directors of Creative, and allegedly in complete and exclusive control of its money, property and affairs, are charged with nine categories of alleged misconduct in connection with the corporate business assets and property.
The third cause of action, asserted on behalf of the plaintiffs individually against the defendant, Edward L. Silver alone, is to recover damages for alleged fraud. It is there charged that said defendant, the sole stockholder of Creative on or about November 5, 1957, to induce the plaintiffs to invest in the purchase of stock of Creative “ falsely and fraudulently represented to said plaintiffs that they together with defendant Eigenberg would be issued 66 and %% of all of the stock of said defendant Creative”; that based upon said representations, the plaintiffs and defendant Edward L. Silver agreed that no corporate action would be taken without the vote of at least 75% of all of Creative’s stockholders; that at the time these representations were made, they were known to Edward L. Silver to be false, and were made by him with the intent to defraud and deceive the plaintiffs and to cause them to pay over to Creative the aggregate sum of $45,000; that said defendant, failed and refused to issue stock certificates to the plaintiffs and now contends that the moneys paid by them were a loan *891 to the corporation; that at the time of the making of the agreement, he knew that the State Education Department would not permit a stockholders’ agreement whereby the vote or votes of stockholders holding 25% or more of Creative’s stock could veto the desires of the majority; that the plaintiffs did not know of the falsity of these representations and believed them as true and relied upon them and were thereby induced to and did turn over to the attorneys for Creative the total sum of $45,000.
This court is of the opinion that the first cause of action is insufficient in law. If no annual meeting of the corporation has been held in several years, and the corporate officers and directors refuse to sign any notice of meeting which plaintiffs may request, they, as stockholders, may proceed in accordance with the provisions of section 22 of the General Corporation Law. (See Salerno v. J. S. Painting Corp., 12 Misc 2d 856, 857.) If the necessary inspection of by-laws is refused, plaintiffs may compel such inspection by an appropriate special proceeding. (Matter of Coats, 75 App. Div. 567.) The same remedy may be invoked for the inspection of the corporate books and records. While the right to inspect books by directors is absolute, stoclcholders are granted the qualified right, resting in the court’s discretion, to protect their financial interest in a corporation by inspecting its books and records. (Matter of Steinway, 159 N. Y. 250; Matter of Durr v. Paragon Trading Corp., 270 N. Y. 464.)
The charges of misconduct asserted in the second cause of action are replete with generalizations and conclusions. The rules of proper pleading governing actions in general are equally applicable to a stockholders’ derivative action seeking redress from directors and officers for official misconduct. (Gerdes v. Reynolds, 281 N. Y. 180,184; Kerekes v. Greenwood Props., 16 Misc 2d 232.)
The third cause of action, in the court’s opinion, has been sufficiently alleged within the ambit of Adams v. Gillig (199 N. Y. 314) and Sabo v. Delman (3 N Y 2d 155). These authorities stand for the proposition that while promissory statements as to what will be done in the future are not actionable “ if a promise was actually made with a preconceived and undisclosed intention of not performing it, it constitutes a misrepresentation of ‘ a material existing fact ’ (Sabo v. Delman, supra, p. 160.)
The motion is accordingly granted as to the first and second causes of action and denied as to the third cause of action. The dismissal of the first cause is without prejudice to the plaintiffs ’ invoking other remedies for the relief therein sought, if so advised. The dismissal of the second cause of action is with *892 leave to replead in accordance with section 241 of the Civil Practice Act and Gerdes v. Reynolds (supra).
The second cause of action has incorporated by reference each allegation of the first, and the third cause of action has done so with respect to the allegations of the first and second causes of action. Since leave has been granted to replead the second cause of action, and the first has been dismissed, the new pleading of the plaintiffs will eliminate all unnecessary allegations incorporated by reference. Settle order.