OPINION OF THE COURT
Robert H. Wagner, J.
Petitioners, minority shareholders of Rochester Community Baseball, Inc. (the Club), by order to show cause, seek a writ of mandamus pursuant to CPLR article 78 compelling respondents, officers and members of the board of directors of the Club, to hold an annual meeting of shareholders in January, 1982.
Petitioners assert they are members of a “Proposed Alternative Board of Directors of the Club” and claim to have sufficient irrevocable proxies, based upon the number of shares ordinarily cast at an annual meeting to replace the current board of directors at the next annual meeting of shareholders. It is undisputed that section 2.1 of article II of the by-laws of the Club mandates that the annual shareholders’ meeting be held on a Saturday in December or January and that the last annual shareholders’ meeting was held on January 19, 1981. The current board of directors has scheduled the annual shareholders’ meeting for February 27, 1982.
CPLR article 78 provides that one of the questions which may be raised in a proceeding thereunder is whether a body or officer failed to perform a duty enjoined upon it by law (CPLR 7803, subd 1; 5 NY Jur 2d, Article 78 and *444 Related Proceedings, § 72). Judicial relief in the form of mandamus may be used to compel action by the officers of a corporation (see, e.g., Matter of Auer v Dressel, 306 NY 427). An order of mandamus is largely a matter of discretion of the court and may be granted where the petitioner demonstrates (1) that the respondent has a duty to perform a ministerial duty (5 NY Jur 2d, § 77), (2) that the petitioner has a clear legal right to have that duty performed (Matter of Auer v Dressel, supra, p 434), and (3) that no adequate remedy at law is available to petitioner (Matter of Burr v Voorhis, 229 NY 382, 387; Matter of De Jesus v Armer, 74 AD2d 736, 737).
Initially, it should be noted that a by-law is in the nature of a contract among shareholders and becomes a law of the corporation unless its provisions violate some provision of law (Matter of Weisblum v Li Falco Mfg. Co., 193 Misc 473, 477). While section 2.1 of article II of the by-laws of the Club allows discretion in the board of directors as to which Saturday in December or January the annual sharehol1 ders’ meeting should be held, it mandates that such meeting be held on or before the last Saturday in January.[1] Inasmuch as the holding of such meeting on or before the last Saturday in January is a ministerial duty and there is no claim that such by-law violates any provision of law, petitioners have sustained their burden with respect to the first standard.
Similarly, I find that the petitioners have established a clear right to have the annual shareholders’ meeting held in accordance with the by-laws. In this respect, the respondents have publicly announced the date for the annual shareholders’ meeting for February 27, 1982 and, at this point in time, could not meet the procedural requirements of the by-laws in time to hold the annual shareholders’ meeting on the last Saturday in January. Thus, there can *445 be no question but that what is involved is an actual and current wrong and not merely the possibility of a wrong or an anticipated wrong.
The third standard, namely, whether there is an adequate remedy at law available to petitioners, is the most strenuously argued issue in this proceeding. The petitioners assert that a mandamus order is the only adequate remedy available to them to compel the present board of directors to honor its duty under the by-laws of the Club to hold the annual shareholders’ meeting and that if the annual meeting is not held as required in January, 1982, the present board of directors will effectively perpetuate their control over the Club beyond the term specifically contemplated in the Club’s by-laws. The respondents argue that subdivision (a) of section 603 of the Business Corporation Law[2] is the exclusive statutory remedy for failure to timely hold an annual meeting and since there is a remedy afforded petitioners, an order of mandamus is not appropriate.
Respondents state in their memorandum of law that subdivision (a) of section 603 of thé Business Corporation Law is the statutory successor to section 22 of the General Corporation Law and claim that “without exception” the New York courts have held that this statutory remedy is the “exclusive” remedy for failure to hold an annual shareholders’ meeting for the election of directors.
*446 Contrary to respondents’ statement, however, there is New York authority to support the finding that the statutory remedy is not exclusive.
In Matter of Schoenhaar v Irving Air Chute Co. (Supreme Ct, Erie County, April 12, 1962, Forhead, J)[3] an annual meeting of stockholders had been held on April 19, 1961 pursuant to the provisions of the corporation by-laws. Under said by-laws the next annual meeting of stockholders was to be held on the third Wednesday in April, 1962. On December 26,1961, the board of directors of the respondent corporation met and adopted a resolution amending the by-laws to change the annual meeting of the stockholders from the third Wednesday in April to the third Wednesday in November. By notice of motion dated March 2,1962 and petition verified March 1, 1962, the petitioners, stockholders of respondent corporation, sought an order in the nature of mandamus requiring respondent, inter alla, to delete the amendment to the by-laws as void[4] and to require respondent to comply with the by-laws by giving due and proper notice of an annual meeting of stockholders to be held on the third Wednesday in April, 1962. In its answer to the petition, the respondent asserted, inter alla, that the petitioners had a complete, adequate and exclusive remedy under section 22 of the General Corporation Law.
By memorandum opinion dated April 12, 1962, Justice Forhead declared the amendment to the by-laws void, rejected the respondents’ contention that section 22 of the General Corporation Law was the exclusive remedy available to petitioners and issued an order of mandamus compelling a meeting on the third Wednesday of May, 1962. In so doing, Justice Forhead stated: “Although the stockholders have a remedy under Section 22 of the General Corporation Law, the court is of the opinion that this remedy is not exclusive, and holds this court may exercise its discre *447 tian in determining whether or not to relegate the petitioners to that remedy, or to grant mandamus.”
Respondents appealed to the Appellate Division, Fourth Department, and asserted in its brief that petitioners failed to make out a clear right to a writ of mandamus and that even if the board of directors lacked the power to amend the by-laws, petitioners had an adequate remedy under section 22 of the General Corporation Law. In support of its position, the respondents therein cited and relied upon Goldberg v Creative Country Day School (24 Misc 2d 889) and Matter of Atwater (85 NYS2d 738, affd 277 App Div 766), the very same two cases cited and relied upon by respondents herein.
By unanimous decision, the Appellate Division, Fourth Department, affirmed the order of Justice Forhead (Matter of Schoenhaar v Irving Air Chute Co., 16 AD2d 1028), thereby rejecting the argument that the statutory remedy is exclusive or a bar to the granting of an order of mandamus.
In addition, by its statement and citation to Matter of Schoenhaar (supra) in Matter of Mansdorf v Unexcelled, Inc. (28 AD2d 44), the Appellate Division, First Department, indicated its agreement that mandamus was an appropriate procedure to compel an annual shareholders’ meeting and that subdivision (a) of section 603 of the Business Corporation Law did not provide an exclusive remedy. The court stated at page 47: “It appears that except for the year 1966 the annual meeting of the corporation had uniformly been held in February or March of each year. For some undisclosed reason the meeting was delayed until July in 1966, although alert action by petitioners or other stockholders could have required an earlier meeting. (Business Corporation Law, § 603; and, see, Matter of Schoenhaar v. Irving Air Chute Co., 16 AD 2d 1028.)”
Furthermore, it is the adequacy of the other remedy and not its mere existence that prevents mandamus from issuing. It has been stated that the existence of another remedy is not a proper ground for the refusal of mandamus where such remedy is not equally speedy, convenient, complete and beneficial (5 NY Jur 2d, Article 78 and Related Proceedings, § 64). Under subdivision (a) of section 603 of the *448 Business Corporation Law, the petitioner here conceivably would have to wait approximately six weeks after the last Saturday in January before they could demand a meeting for the election of directors. Certainly, under these circumstances, subdivision (a) of section 603 of the Business Corporation Law does not provide an adequate remedy.[5] In this respect, it may be noted that in Matter of Schoenhaar (supra), the order of mandamus issued before the third Wednesday in April, 1962, the date required by the bylaws for the annual meeting[6] and also apparently before petitioners could seek the relief afforded by section 22 of the General Corporation Law.
Having determined that petitioners have met their burden and after considering and weighing all the factors raised in the papers and at oral argument, I have decided to exercise my discretion and grant an order of mandamus requiring the annual shareholders’ meeting to be held on February 27, 1982.
The first and foremost factor weighing in my decision to grant the order is the fact that the by-laws of the Club provide that the shareholders have the right annually to elect directors and the delay of such annual meeting not only violates the shareholders’ rights under the by-laws but also wrongfully extends the terms of the board of directors presently in office. While respondents’ motives for such delay, to inform shareholders of the impending proxy battle and attempt to gather support for their position, are obviously based upon their perception of what is in the best interests of the Club, that is not a justifiable reason for violating the mandate of the by-laws.
By granting an order of mandamus for February 27, 1982, all concerned can be confident that the annual shareholders’ meeting will indeed take place as scheduled. I *449 hasten to add that nothing in this decision is intended to reflect adversely upon any person or group and that while I am confident that such meeting would proceed on February 27, 1982, a court order to such effect will add certainty to the situation and ensure compliance with the spirit, if not the letter, of the by-laws of the Club.
Moreover, the delay of the meeting until February 27, 1982 will not result in any substantial financial prejudice to the Club, inasmuch as respondents have stated they will file for an exemption from the registration requirement of subdivision (g) of section 12 of the Securities Exchange Act of 1934. (US Code, tit 15, § 78/, subd [g].)
Finally, February 27,1982 is the most practical date for the annual shareholders’ meeting under the circumstances. As petitioners’ counsel points out in paragraph 4 of his affidavit annexed to the verified petition, there are certain procedural matters which must occur before the annual shareholders’ meeting can actually take place and it would be virtually impossible now to conduct the meeting in January, 1982 or even early February, 1982.
I, therefore, grant an order of mandamus directing the respondents to hold the annual shareholders’ meeting on February 27, 1982 and to give due and proper notice of such meeting with the required information to the shareholders as provided by the by-laws of the Club.

. Section 2.1 of article II of the by-laws of the Club provides in relevant part as follows: “Annual Meeting. The annual meeting of the stockholders of the corporation shall be held at such place within the County of Monroe, New York, on a Saturday in either December or January * * * the board of directors shall determine and shall designate in the notice of meeting, when they shall elect by a plurality vote a number of directors and, if desired, honorary directors, all in accordance with Article III, of these By-laws, and transact such other business as may properly come before the meeting.”

. Subdivision (a) of section 603 of the Business Corporation Law reads as follows:
“Special meeting for election of directors
“(a) If, for a period of one month after the date fixed by or under the by-laws for the annual meeting of shareholders, or if no date has been so fixed, for a period of thirteen months after the formation of the corporation or the last annual meeting, there is a failure to elect a sufficient number of directors to conduct the business of the corporation, the board shall call a special meeting for the election of directors. If such special meeting is not called by the board within two weeks after the expiration of such period or if it is so called but there is a failure to elect such directors for a period of two months after the expiration of such period, holders of ten percent of the shares entitled to vote in an election of directors may, in writing, demand the call of a special meeting for the election of directors specifying the date and month thereof, which shall not be less than sixty nor more than ninety days from the date of such written demand. The secretary of the corporation upon receiving the written demand shall promptly give notice of such meeting, or if he fails to do so within five business days thereafter, any shareholder signing such demand may give such notice. The meeting shall be held at the place fixed in the by-laws or, if not so fixed, at the office of the corporation.”

. See record on appeal, Matter of Schoenhaarv Irving Air Chute Co. (16 AD2d 1028), for background information and a copy of this unreported decision.

. The petitioners asserted that this amendment was not properly adopted or ratified by the stockholders and wrongfully extended the term of office of the directors.

. Another factor which distinguishes the cases of Goldberg v Creative Country Day School (24 Mise 2d 889) and Matter of Atwater (85 NYS2d 738, affd 277 App Div 766) relied upon by respondents is that in both those matters, unlike this proceeding, such time had elapsed between the alleged failure to conduct the required meeting and the date of the court action that the statutory remedy was then available to petitioners.

. This supports my earlier determination that it is not necessary that the date set by the by-laws for the annual shareholders’ meeting has actually passed in order to show a clear legal right and to have a mandamus order issue.